**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-mc-0442 (TFH)<br><br>Civil Action No. 08-cv-1360 (RWR) |

**MEMORANDUM OPINION**

Pending before the Court is Petitioner's Emergency Motion For Immediate Disclosure Of Petitioner's Medical Records And For Related Relief. In the motion, Petitioner requests, among other things, an order from this Court directing the government to provide unredacted copies of all of Petitioner's medical records and unredacted copies of all guard and staff reports, logs, and notes, in whatever form maintained, regarding Petitioner's seizures and seizure-related episodes. For the reasons that follow, the Court will deny the motion.

In relevant part, Section 7 of the Military Commissions Act of 2006 ("MCA"), 28 U.S.C. § 2241(e), provides:

>   (1)   No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.
>
>   (2)   [N]o court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e). Although the Supreme Court in *Boumediene v. Bush* held that MCA § 7 "operates as an unconstitutional suspension of the writ," 128 S. Ct. 2229, 2240 (2008), it focused

its analysis on whether, and held only that, detainees could challenge the legality of their detention through constitutional habeas, *id*. at 2262 ("Petitioners, therefore, are entitled to the privilege of habeas corpus to challenge the legality of their detention."). Indeed, the Supreme Court explicitly refrained from deciding whether detainees are entitled to pursue in district court non-core habeas claims—i.e., claims for remedies other than release from unlawful detention, *see Munaf v. Geren*, 128 S. Ct. 2207, 2221 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (internal citations omitted)). *Boumediene*, 128 S. Ct. at 2274 ("[W]e need not discuss the reach of the writ with respect to claims of unlawful conditions of treatment or confinement."). Thus, the Supreme Court did not directly speak to § 7(a)(2). Instead, although referring to § 7 generally, it held unconstitutional only that portion of § 7 that extinguishes a court's jurisdiction "to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States . . . as an enemy combatant," 28 U.S.C. § 2241(e)(1). Cognizant of the long-standing rule of severability, this Court, therefore, holds that § 7(a)(2) remains valid and strips it of jurisdiction to hear a detainee's claims that "relat[e] to any aspect of the detention, transfer, treatment, trial, or conditions of confinement," 28 U.S.C. § 2241(e)(2). *See Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987) (holding that a court must "refrain from invalidating more of the statute than is necessary whenever an act of congress contains unobjectionable provisions separable from those found to be unconstitutional" (internal alterations and quotations omitted)).

Rather than arguing that MCA § 7(a)(2) is unconstitutional, Petitioner contends his motion does not fall within § 7(a)(2)'s ambit but, instead, is merely a "modest" request for relief to ensure that he can vindicate his constitutional right to habeas. Pet'r Mot. 7-8. The Court does not accept Petitioner's characterization of his motion. Indeed, Petitioner's request

2

is far from modest.  He asks this Court to order the government to provide unredacted copies of all of Petitioner's medical records—which he seeks permission to provide to an independent physician of his choosing—and unredacted copies of essentially all documentation of Petitioner's seizures and seizure-related episodes.  Petitioner also asks this Court to order the government to allow his counsel to meet with Petitioner's treating physicians to discuss Petitioner's condition.  The Court is at a loss to see how the relief Petitioner seeks through his motion does not "relat[e]" directly to Petitioner's "detention, . . . treatment, . . . or conditions of confinement," 28 U.S.C. § 2241(e)(2), as granting the relief would involve this Court in Petitioner's medical treatment at Guantanamo Bay and the decisions of officials at Guantanamo Bay relating to that medical treatment.  The Court, therefore, has no jurisdiction to hear or consider his motion.  *See id*.

In sum, while the Supreme Court's decision in *Boumediene* gives Petitioner the right to challenge the fact of his confinement, 128 S. Ct. at 2262 ("Petitioners, therefore, are entitled to the privilege of habeas corpus to challenge the legality of their detention."), it says nothing of his right to challenge the conditions of his confinement, *id*. at 2274 ("[W]e need not discuss the reach of the writ with respect to claims of unlawful conditions of treatment or confinement."). And MCA § 7(a)(2) extinguishes this Court's jurisdiction to hear claims relating to such conditions.  The Court, therefore, will deny Petitioner's motion.

September 22, 2008                                                    /s/
                                                            Thomas F. Hogan
                                                      United States District Judge

3