**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ZAYN HUSAYN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1360 (RWR) |
| | ) | |
| ROBERT GATES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THE GOVERNMENT'S OPPOSITION TO PETITIONER'S
<u>MOTION FOR PRESERVATION ORDER AND OTHER RELIEF</u>**[1]

The Government opposes the renewed motion of Petitioner Zayn Al Abidin Muhammad Husayn (a.k.a. Abu Zubaydah) asking this Court to order numerous government agencies, departments, and entities[2] (1) to preserve all evidence, documents, and information that may be

---

[1] Petitioner filed a similar motion on August 20, 2008 (dkt. nos. 17 and 60), the Government opposed on September 4, 2008 (dkt. no. 23), and Petitioner filed a reply on September 12, 2008 (no docket number). Before the Court ruled on the motion, on September 29, 2008, Petitioner withdrew the motion purportedly to account for new information to be disclosed by the Senate Armed Services Committee. *See* dkt. no. 37; Pet'r Mem. in Support of Mot. for Preservation ("Pet'r Renewed Mem.") (dkt. no. 61) at 15 n.50. That Committee issued its report on December 11, 2008. *See* Senate Armed Services Committee Inquiry into the Treatment of Detainees in U.S. Custody, December 11, 2008, *available at* http://levin.senate.gov/newsroom/supporting/2008/Detainees.121108.pdf. Notably, in addition to supplementing the original motion with information from the Senate Armed Services Committee report, Petitioner's renewed motion also modifies the parameters of the original request for relief – by expanding some relief sought and discarding other relief sought – and adds 12 exhibits and numerous additional pages of prose that are irrelevant to Petitioner's request for preservation.

[2] Petitioner's motion requests that the preservation order apply to at least the following entities: all federal officials who may possess information or who destroyed information, including the White House, the Office of the Vice President, the Central Intelligence Agency

relevant to any claim and/or defense related to Petitioner's surveillance, arrest, detention, transfer, treatment, torture, abuse and imprisonment; and (2) to submit a certified list of relevant evidence, documents, and information that have already been destroyed or otherwise transferred out of their care, custody, and control.[3]  *See* Pet'r Mot. for Preservation ("Pet'r Renewed Mot.") at 1 (dkt. no. 61).

As discussed below, Petitioner's motion should be denied because, to the extent Petitioner seeks the preservation of information related to alleged torture, mistreatment, or abuse, the Government is already under a duty to preserve such records.  And, to the extent Petitioner seeks preservation of all information currently in the Government's possession that is relevant to Petitioner's pending habeas petition, the Government is fully aware of its obligations to preserve such information.  There is no significant risk that evidence relevant to the litigation of Petitioner's core habeas right will be destroyed.

Although Petitioner points to the CIA's 2005 destruction of videotaped interrogations as indicative of the Government's propensity to destroy relevant evidence, the basis for the tapes claimed relevance to Petitioner's core habeas right is suspect especially where no factual return

---

("CIA"), the Federal Bureau of Investigation ("FBI"), the National Security Council ("NSC"), the National Security Agency ("NSA"), the Departments of Justice, Defense and State, the Joint Personnel Recovery Agency ("JPRA") and numerous alleged private contractors.  *See* Pet'r Renewed Mem. at 4, 15, 16, 24 & Ex. 13.

[3] Petitioner also seeks an order requiring a high-ranking government official from each agency, department or entity certify compliance with the Court's orders and certify the accuracy of any future court filings that makes assertions of fact on behalf of that agency, department, or entity in Petitioner's case. Pet'r Renewed Mot. at 1. To justify such relief, Petitioner cites no case law and provides no legal argument, but instead relies on sensationalistic allegations that the Government has provided "misinformation" to the Court.  Pet'r Renewed Mem. at 27.  There is, quite simply, no reasonable basis for Petitioner's requested relief or any indication that such procedure would be necessary to ensure the accuracy of the Government's representations to the Court.

has yet been filed by the Government. Regardless, the CIA has taken appropriate measures to prevent any further destruction of any evidence, documents, and information relating to any past, present or future Guantanamo detainees and detainees in CIA custody. A preservation order would thus be duplicative at best.

Granting Petitioner's requested preservation order, on the other hand, would unduly burden the Government. The requested order would require the Government to take action now with respect to a breathtakingly wide range of information that may or may not be relevant to Petitioner's core habeas right. It would also require the Government to catalogue and provide a certified list of the information previously in the Government's possession. As the Government is marshaling its resources now to ensure the speedy resolution of the more than 200 habeas cases pending before this Court, imposition of such an additional burden outside of the streamlined procedural framework for litigating these cases, as adopted by Judge Hogan in his Case Management Order, (dkt. nos. 48 and 62), and beyond what otherwise would be imposed even under the Federal Rules of Civil Procedure, is entirely unwarranted. Accordingly, Petitioner's motion should be denied.

**ARGUMENT**

**PETITIONER'S REQUESTED PRESERVATION ORDER IS UNNECESSARY AND UNDULY BURDENSOME**

    **I.**    **Petitioner's Requested Order Is Unnecessary**

Relying on *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 137-38 (Fed. Cl. 2004), which articulated a two-prong test for determining whether a preservation order should issue, Petitioner argues that absent a preservation order, there is a significant risk that evidence relevant to his habeas petition will be lost or destroyed. He argues also that the requested order will not

unduly burden the Government because it imposes no greater obligation than what the Federal Rules of Civil Procedure "would otherwise impose on a litigant engaged in discovery of an ordinary civil action," and because the "Government has asserted that it intends to comply with the requirements that would be made explicit in a preservation order." Pet'r Renewed Mem. at 20, 25.  Petitioner is wrong on both counts.

As an initial matter, although other judges in this Court have rejected the proposition that a preservation order must meet the test of a preliminary injunction ("PI"), the Government respectfully submits that the PI standard, rather than the *Pueblo of Laguna* test, should be used for evaluating Petitioner's motion.[4]  Because of its breadth and the burden it would impose on numerous government entities, Petitioner's requested order is quite unlike an order simply requiring a party to identify witnesses or to produce documents in discovery – a comparison relied upon in *Pueblo of Laguna*.  *Pueblo of Laguna*, 60 Fed. Cl. at 138 n.8.  Indeed, the *Pueblo of Laguna* test – which asks simply whether the requested preservation order is necessary and not unduly burdensome – has been criticized as lacking "adequate precision" and "sufficient depth of analysis."  *Capricorn Power Co. v. Siemens Westinghouse Power*, 220 F.R.D. 429, 434 n.2 (W.D. Pa. 2004) (rejecting *Laguna*'s two-part test, as well as the four-part PI test, and articulating a new three-prong balancing test for issuance of preservation orders).

But even using the *Pueblo of Laguna* test, a preservation order is not warranted here. First, Petitioner has not shown that a preservation order is necessary.  It is unnecessary to require the Government to preserve records relating to the alleged torture or mistreatment of Petitioner

---

[4] *See Madden v. Wyeth*, No. 3-03-CV-0167-R, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003); *Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc.*, Civ. No. 3-94-784, 1995 WL 783610, at *3-*4 (D. Minn. Oct. 20, 1995); *Humble Oil & Refining Co. v. Harang*, 262 F. Supp. 39, 42-43 (E.D. La. 1966).

because, as described further below, the Government has already imposed on itself a duty to preserve such records. *See* supra at 8-10. Given this pre-existing duty, Petitioner has failed to show how the particular steps he suggests, if adopted by this Court, "will be effective" at achieving Petitioner's stated goals. *Pueblo of Laguna*, 60 Fed. Cl. at 138. Without such a showing, this Court should "neither lightly exercise its inherent power to protect evidence nor indulge in an exercise in futility." *Id.*

Indeed, the District of South Carolina's decision on a request for a preservation order in *Al-Marri v. Gates,* 2008 WL 4449858 (D.S.C. Oct. 2, 2008), is instructive why no such order should issue here. In *Al-Marri*, the plaintiff – an enemy combatant – filed a complaint challenging his conditions of confinement, and sought a preservation order covering all documents and relevant materials related to his detention. *Id.* at *1. Although the Government had inadvertently lost or destroyed "certain recordings involving the plaintiff," the district court applying *Pueblo of Laguna* declined to issue the requested preservation order where the Government subsequently entered binding, internal preservation directives. *Id.* at *2. The court specifically found that the plaintiff failed to show how the order he sought "would be any more effective than that which has already been done," because the internal preservation directives would "safeguard against a repeat of anything that occurred in the past[.]" *Id.*

In contrast, none of the cases on which Petitioner relies involves a wartime habeas challenge, and those cases are otherwise factually distinguishable. Some of the cases involve facts alleging significantly stronger evidence of governmental bad faith than what is alleged here, *e.g.*, *Pueblo of Laguna*, 60 Fed. Cl. at 138 (involving preservation order which, unlike the requested one here, applied to one Department only), *United Medical Supply Co., Inc. v. United States*, 73 Fed. Cl. 35 (Fed. Cl. 2006) (preservation order granted after information was

destroyed on multiple occasions during months of active discovery litigation and misrepresentations were made to the court), while in others the court never actually issued a preservation order. *E.g.*, *Capricorn Power Co. Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 438 (W.D. Pa. 2004); *Treppel vs. Biovail Co.*, 233 F.R.D. 363, 371-73 (S.D.N.Y. 2006).

Second, no preservation order is necessary to require the Government to maintain and preserve records relevant to Petitioner's habeas litigation. In *Boumediene v. Bush*, 128 S. Ct. 2229, 2262, the Supreme Court articulated a narrowly-drawn constitutional right to habeas enabling Guantanamo detainees "the privilege of habeas corpus to challenge the legality of their detention." Although the Supreme Court expressly did not address the reach of the writ with respect to claims of unlawful conditions of treatment or confinement, *id.* at 2274, Congress expressly withdrew such claims in Section 7 of the Military Commissions Act of 2006 ("MCA"). 28 U.S.C. § 2241(e)(2) (barring a district court from exercising jurisdiction over *any other* aspect of the detention outside of the core habeas function, including "any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of a Guantanamo Bay detainee). And this Court has held that the MCA's withdrawal of jurisdiction over conditions of confinement claims survives the Supreme Court's decision in *Boumediene*. *Khadr v. Bush*, No. 04-CV-1136, ___ F. Supp. 2d ___, 2008 WL 4966523 at *8-*10 (D.D.C. Nov. 24, 2008) (JDB); *In re Guantanamo Bay Detainee Litigation*, No. 04-CV-01254 (HHK), Mem. Op. at 2 (dkt. no. 293, dated Sept. 22, 2008) (Hogan, J.); *In re Guantanamo Bay Detainee Litigation*, No. 08-CV-1360 (RWR), Mem. Op. at 2 (dkt. no. 32, dated Sept. 22, 2008) (Hogan, J.), *modified*, Mem. Op. and Order (dkt. no. 53, dated Nov. 28, 2008) (Roberts, J.); *In re Guantanamo Bay Detainee Litigation*, No. 05-CV-01509 (RMU), Mem. Op. at 6 (dkt. no. 151, dated Aug. 7, 2008) (Urbina,

J.). Petitioner's habeas petition may thus seek to challenge the legality of his detention only, and Petitioner's motion should be denied insofar as it relates to relief going to anything other than the fact of Petitioner's detention.

Finally, and without conceding whether a preservation order can appropriately extend to all of the entities identified by Petitioner, the Government is well aware of its obligations not to destroy evidence that may be relevant in Petitioner's habeas proceeding. The relevant government entities are additionally entitled to the presumption "that they will act properly and according to law." *FTC v. Schreiber*, 381 U.S. 279, 296 (1965). While such a presumption may be overcome, Pet'r. Renewed Mem. at 22 n.63 (citing *Fund for Animals v. Williams*, 245 F. Supp. 2d 49 (D.D.C. 2003), *vacated on other grounds*), the presumption must be rebutted with something more than what Petitioner asserts here. *Cf. Fund for Animals*, 245 F. Supp. 2d at 57 (presumption of regularity may only be rebutted with a "strong showing of bad faith or improper behavior or when the administrative record designated by agency is so bare that it prevents effective judicial review" (internal quotation marks and citation omitted)).

Petitioner argues that the CIA's destruction in 2005 of interrogation videotapes is evidence of present propensity by the Government to destroy relevant evidence. Petitioner also cites various documents, including press articles, books, and two declarations by former military personnel, as allegedly further evidence of the Government's intentional destruction of evidence, but fails to provide those documents to the Court or explain how those documents support Petitioner's salacious assertion that the Government will intentionally destroy evidence relevant to this proceeding. Pet'r Renewed Mem. at 22, 23 n.68. Indeed, with respect to the declarations, only one involves the loss of evidence, and that loss was a result of the corruption of electronic files "following a technical change-over from one computer system to another in 2005." *See*

May 31, 2007 Decl. of James M. McGarrah at ¶ 16, filed as Appendix M to the Government's Petition for a Writ of Certiorari, *Bismullah v. Gates*, No. 07-1054, attached hereto as Ex. A.  The Petitioner further speculates that every interrogation at Guantanamo has been and is routinely taped, and that there is reason to believe that videotapes and related documents of petitioner's interrogations (if any) at Guantanamo may be in danger of destruction.  *See id.* at 22-23.  Simply put, Petitioner's assertions, speculations and citations to an array of sources with no apparent connection to any alleged intentional destruction of evidence by the Government are insufficient to demonstrate that there is a significant risk of future destruction of relevant records by either the CIA or other government entities.

      To be sure, the CIA acknowledged in December 2007 that it destroyed in 2005 videotapes of Petitioner's interrogations while he was in CIA custody in 2002.  *See Director's Statement on the Taping of Early Detainee Interrogation, available at* https://www.cia.gov/news-information/press-releases-statements/press-release-archive-2007/taping-of-early-detainee-interrogations.html.  As the Government has shown in a prior report submitted to this Court, along with supporting declarations, *see Abdullah v. Bush*, Civ. No. 05-0023 (RWR) (dkt. no. 84, filed Feb. 8, 2008), following the revelation of the destruction of the interrogation tapes both the Department of Defense ("DoD") and CIA implemented additional and good faith steps to ensure that materials relating to all Guantanamo Bay detainees are being preserved.  *See Al-Marri*, 2008 WL 4449858, at *2 ("These [internal preservation] directives evidence the defendants' good faith efforts to develop adequate retention procedures….  The adequate retention procedures defendants have implemented safeguard against a repeat of anything that occurred in the past, and an order of this court would add nothing to safeguard the records.").

For example, on December 20, 2007, the Director of CIA, General Michael V. Hayden, ordered all CIA personnel to "preserve and maintain all documents, information, and evidence relating to" any detainee held at Guantanamo Bay and any detainee held by the CIA.  *See* Dec. 20, 2007 Decl. of General Michael V. Hayden at ¶ 4, attached hereto as Ex. B.  General Hayden also specified that his order is "a continuing obligation that applies to future as well as past and present detainees."  *Id.*  Similarly, DoD's Office of General Counsel issued a formal directive on December 19, 2007, to various DoD components regarding their preservation obligations.  *See* Feb. 8, 2008 Decl. of Karen Hecker at ¶ 2, attached hereto as Ex. C.  The declaration of DoD's Associate Deputy General Counsel detailed efforts taken to ensure relevant DoD components' compliance with those obligations.[5]  *See generally* Hecker Decl., ¶¶ 2-4.

Petitioners ignore these preservation efforts instituted by the Government.  And, Petitioner's do not allege any destruction of evidence since the above directives were implemented.  It is also of note that all of these efforts began prior to Petitioner even filing his habeas petition.  In sum, the Government has acted proactively and is continuing its significant efforts to preserve information relating to Guantanamo detainees, including Petitioner.

The Government also has other independent reasons for ensuring the preservation of the documents and information in question, including pending or potential government investigations, the Government's intelligence-gathering mission, and the potential prosecution of Petitioner by military commission.  Indeed, as the Government's prior submissions have

---

[5]  The Government previously filed Ex. B and Ex. C in *Abdullah v. Bush*, Civ. No. 05-0023 (RWR) (dkt. no. 84).  The Government's submission in *Abdullah* also included a February 8, 2008 declaration of the then-Commander of Joint Task Force Guantanamo ("JTF-GTMO"), Rear Admiral Mark H. Buzby, explaining steps taken to preserve information on recording systems of JTF-GTMO as well as corrective steps taken to preserve certain automatic overwriting that had previously occurred.

indicated, *see Abdullah v. Bush*, Civ. No. 05-0023 (RWR) (dkt. no. 79, filed Dec. 26, 2007 and dkt. no. 84, filed Feb. 8, 2008), the CIA's destruction of interrogation recordings has generated various inquiries by the Executive Branch and Congress, including a criminal investigation by the Department of Justice.[6] These inquiries and criminal investigation will further deter any future destruction of evidence relevant to any detainee's habeas case, including Petitioner. Against this background and given the sensitivity regarding the Government's preservation obligations, there is no basis for concluding that the Government will not abide by those obligations. Because Petitioner cannot prove that a preservation order is necessary or likely to be more effective, his motion should be denied on that ground alone.

## II.    Petitioner's Requested Preservation Order Is Unduly Burdensome

Petitioner also has not satisfied the second prong of the *Pueblo of Laguna* test, which requires that a party seeking the preservation order demonstrate that such an order is not unduly burdensome. *See Pueblo of Laguna*, 60 Fed. Cl. at 138. Petitioner seeks the preservation of all evidence, documents, and information that may be relevant to any claim and/or defense related to Petitioner's surveillance, arrest, detention, transfer, treatment, torture, abuse and

---

[6] John H. Durham has been appointed by Attorney General Mukasey to be Acting United States Attorney for the Eastern District of Virginia to determine "whether the destruction of the [CIA] videotapes violated any order issued by any federal judicial officer and, if so, what the person's knowledge, motive, and/or intent was in destroying the tapes or causing their destruction." *See* Feb. 8, 2008 Decl. John H. Durham at ¶ 4, first filed in *Abdullah v. Bush*, Civ. No. 05-0023 (RWR) (dkt. no. 85), which is attached hereto as Ex. D; Order of Sept. 16, 2008 at 2-3, *ACLU v. Dep't of Defense*, Civ. No. 04-4151, (S.D.N.Y.) (citing another Declaration of John H. Durham) (FOIA litigation). Mr. Durham's investigation is ongoing and active. Mr. Durham believes that interviews in connection with the investigation will conclude before February 28, 2009. Respondents understand that a declaration to that effect will likely accompany a filing in an upcoming motion to stay the civil proceedings in *The James Madison Project v. CIA*, Civ. No. 07-2306 (D.D.C.) (RBW) (FOIA litigation). When the declaration is filed in that case, Respondents would be pleased to make it available to the Court at the Court's request.

imprisonment, including certain specified categories of documents set out in a five-page document entitled "Documents Subject to Preservation Order." *See* Pet'r Renewed Mot. at 1; Pet'r Renewed Mem., Ex. 13.  In other words, Petitioner is asking the Government to take action with respect to a vast range of information without regard to its relevance to Petitioner's core constitutional habeas right – the ability to challenge the fact of confinement – which is the only subject matter over which this Court has jurisdiction.[7]

Petitioner also seeks but fails to justify the need for the relevant government entities to, in addition to preserving information, submit a certified list of relevant evidence, documents, and information that have already been destroyed or otherwise transferred out of their care, custody, and control.  Such an undertaking is not even in the nature of a preservation order, but instead appears to be a remedial measure Petitioner's seek to impose as the result of the destruction of the CIA interrogation tapes described above and would be far more burdensome than the steps taken to preserve relevant information.[8]  Moreover, as the Government has previously pointed out to the Court, inquiries of the type required by Petitioner's requested relief raise the prospect of burdening or interfering with the still ongoing criminal investigation into evidence

---

[7] *Boumediene v. Bush* made explicit that its decision "[did] not hold" that the habeas proceedings for enemy combatant determinations must duplicate typical statutory proceedings under § 2241 in all respects.  *See* 128 S. Ct. 2229, 2267, 2274 (2008); *Abdullah,* Civ. No. 05-0023 (dkt. no. 115, filed July 25, 2008, at 5-6).  To the contrary, it is only the core, constitutionally-required elements of habeas that remain after Congress's repeal of *statutory* habeas for Guantanamo detainees.  *See id*. at 2278 (Souter, J., concurring) ("Subsequent legislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.").  Moreover, as described above, *see* supra, at 5-6, *Boumediene* did not disturb the Military Commission Act's provision, 28 U.S.C. § 2241(e)(2), withholding jurisdiction over challenges to "any aspect" of the detention, transfer, treatment, trial, or conditions of confinement of an alien detained as an enemy combatant.

destruction. *See Abdullah*, Civ. No. 05-0023 (dkt no. 85, filed Feb. 8, 2008). Indeed, granting the Petitioner's requested relief risks undermining the criminal investigation. Putting aside the burden of creating the list, the mere gathering of information – which inherently requires individuals involved in the investigation to respond to inquiries – may influence the recollections of persons targeted by the investigation. *See* Feb. 8, 2008 Decl. John H. Durham, attached as Ex. D at ¶ 7-8. In fact, Petitioner's request demands a certified list thereby ensuring that the declarant be someone with actual knowledge of the universe of information that was destroyed. Any person in such a position is highly likely to be involved in or targeted by Mr. Durham's investigation. Petitioner's request cannot be achieved without becoming unavoidably intertwined with an important and ongoing criminal investigation.

Petitioner's request for relief is also overly broad, as well as ambiguous. Petitioner's motion refers generally to destroyed CIA interrogation tapes, *see* Pet'r Renewed Mem. at 22, but Petitioner seeks much more than a certified accounting for tapes destroyed by the CIA. *See* Pet'r Renewed Mot. at 1. Specifically, Petitioner requests a "certified list of relevant evidence, documents, and information" from "each relevant agency." *Id.* Petitioner makes no effort beyond pure speculation to justify this sweeping request, let alone provide any legal argument whatsoever that would justify imposing this burden on the Government or establishing the necessity of such list in connection to Petitioner's core habeas right.

Finally, to grant Petitioner's requested relief now before a factual return has been filed and an appropriate opportunity to engage in review of relevant material produced under Judge Hogan's Revised Case Management Order would divert limited and valuable government

---

[8] A far less significant undertaking with respect to another Petitioner required a significant commitment of resources. *See Abdullah*, Civ. No. 05-0023 (dkt. no. 96, filed April

resources from the Government's current overriding goal to speedily resolve all the pending detainee habeas cases.

## CONCLUSION

For the foregoing reasons, this Court should deny Petitioner's renewed Motion for Preservation Order.

Dated: December 30, 2008                    Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ *David C. Blake*
JOSEPH H. HUNT (D.C. Bar No. 431134)
TERRY M. HENRY
NICHOLAS A. OLDHAM (D.C. Bar No. 484113)
DAVID C. BLAKE (D.C. Bar No. 976977)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3367
Fax:  (202) 616-8470
Email: dave.blake@usdoj.gov

*Attorneys for Respondent*

---

16, 2008).