Previously Filed with CSO and Cleared for Public Filing

FILED WITH THE
COURT SECURITY OF
CSO: 1 1 4 /09
DATE: MYcMfsn

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN # 10016),** ) ) ) | |
| *Petitioner.* ) ) | |
| **v.** ) ) | **No. 08-CV-1360** |
| **ROBERT M. GATES,** ) ) ) | |
| *Respondent.* ) ) | |

## REPLY TO THE GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION FOR PRESERVATION ORDER AND OTHER RELIEF

Petitioner, Zayn Al Abidin Muhammad Husayn ("Petitioner") respectfully submits this Reply to the Government's Opposition to Petitioner's Motion for Preservation Order and Other relief.

Petitioner has requested two forms of relief: (1) a preservation order that would extend to all agencies and departments that were involved in the surveillance, detention, transfer, incarceration and interrogation of Petitioner; and (2) an order that requires those agencies to catalog documents that were destroyed or otherwise transferred out of their care, custody, and control. Petitioner has also requested an order requiring the agencies and departments to certify the factual accuracy of any assertions made in court filings on behalf of those agencies or departments.

In opposition, the Government raises a host of issues that require only brief comment. First, the Government claims that no Order is necessary because the Government has agreed to police itself. But the Government misunderstands the legal issue. As Petitioner made clear in his motion, the fact that they have voluntarily committed to preserve certain material proves only

that Petitioner's request is not burdensome. It does nothing, however, to guarantee compliance with a judicial command.

Second, the Government claims Petitioner cannot *prove* that his interrogations at Guantanamo were videotaped, and that citations to research and newspaper commentary to that effect is mere speculation. R. Opp. at 8. But the Government's artful dodging should not escape comment. If Petitioner's interrogations at Guantanamo were *not* taped, it would be a simple matter for the Government to say so. Tellingly, however, the Government makes no such representation. Petitioner has assembled the evidence indicating that such tapes exist. Because the Government has simply failed to respond to Petitioner's assertions, the Court should accept them as true, at least for purpose of this motion, and should order such tapes either preserved or, if they have been destroyed, order the responsible agency to admit to their destruction.

Third, the Government vehemently remonstrates against requiring affected federal agencies and departments to catalog evidence that was destroyed or otherwise transferred, arguing that such an order would be a burden. If the agencies and departments at issue acted in conformity with the law by preserving evidence, then there is no burden whatsoever. If evidence was destroyed, however, then the officials responsible have engaged in the spoliation of evidence, and the fact of that spoliation should be disclosed. Any argument about burden should be given the consideration it is due: none.

Fourth, the Government submits a Declaration from John Durham that was executed nearly a year ago in *Hani Abdullah, et al. v. Bush, et al.*, No. 05-23 (RWR), a different case before the Court.[1] Petitioner has no desire to impede Mr. Durham's criminal investigation. Indeed, Petitioner's counsel has cooperated with Mr. Durham's investigation, meeting with him

---

[1] Petitioner notes that the Declaration executed by General Hayden was signed on December 20, 2007.

2

on two occasions. But just as in *Abdullah*, Respondents' have made no attempt—aside from conclusory allegations—to describe how Petitioner's requests will affect Mr. Durham's investigation, nor do they attach a declaration from Mr. Durham suggesting that Petitioner's request will have the slightest impact on his efforts. Furthermore, Respondents fail to point out that in *Abdullah* this Court, despite the Durham declaration, ordered Respondents to file "a report detailing the nature of any evidence specific to petitioner Abdullah that [was] potentially subject to the Preservation Order that has been destroyed or otherwise spoliated." *Abdullah v. Bush*, No. 05-23 [dkt 89] (RWR) Order (Feb. 14, 2008). Respondents in *Abdullah* subsequently complied with the Court's order to catalog the evidence "destroyed or otherwise spoliated," with no apparent adverse consequences to Mr. Durham's investigation. *See Abdullah v. Bush*, No. 05-23 [dkt 91] (RWR) (Report by George W. Bush *et al.*) (Mar. 17, 2008). Respondents have made no showing why the same cannot be done here.

A preservation order is warranted for the reasons set forth in Petitioner's motion, and any order should extend to those agencies and departments that are/were involved. Moreover, because the Bush Administration is leaving office, Petitioner respectfully requests that any order should be issued expeditiously so that persons with direct knowledge may preserve the record for future proceedings.

3

Finally, Petitioner reiterates his request that Government agencies be required to certify the accuracy of all court filings.

Dated: January 5, 2009
       Washington, D.C.

Respectfully submitted,

Joseph Margulies
MacArthur Justice Center
Northwestern University School of Law
357 East Chicago Avenue
Chicago, IL 60611
(312) 503- 0890

George Brent Mickum IV [Bar No. 396142]
Amanda L. Edwards
Spriggs & Hollingsworth
1350 I Street NW
Washington, District of Columbia 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

Baher Azmy
Seton Hall Law School
Center for Social Justice
One Newark Center
Newark, NJ 07102
(973) 642-8700

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the Court Security Officer for clearance and filing this 5th day of January 2009. My understanding is that the Court Security Officer will serve the government. Once Petitioner's counsel has been notified that the document has been cleared and filed, copies will be served on the following via first class mail:

Terry M. Henry
Andrew I. Warden
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusettes Avenue, N.W.
Washington, D.C. 20530

George Brent Mickum IV

5