# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN, <br><br> Petitioner <br><br> vs. <br><br> ROBERT GATES, <br><br> Respondent | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 08-cv-1360 (RWR) |

## RESPONDENT'S STATEMENT REGARDING PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR DISCOVERY

Petitioner's reply in support of his motion for discovery included numerous new requests for relief that Petitioner had not included in his initial motion. See, e.g., Pet'r's Reply to Resp't's Opp'n to Pet'r's Mot. for Disc. (Jan. 8, 2010) at 8–9 & sched. A (requesting that the Court authorize 46 requests for admissions and interrogatories); Pet'r's Reply at 9–11 (requesting that the Court compel the Government to explain why its factual return and other filings in this case do not make the same factual allegations that Petitioner expected they would make); Pet'r's Reply at 14–15 n.8 (requesting that the Court compel the Government to repeat its searches for exculpatory evidence based on Petitioner's belief that the Government's initial searches must have been inadequate); Pet'r's Reply at 34 n.32 (requesting that the Court compel the Government to produce English translations of Petitioner's writings and allow Petitioner overnight access to his writings). The Court should not consider any of these new requests for relief, because they are improper. Well-settled precedent and this Court's May 27, 2009, Scheduling Order required Petitioner to raise these requests in his initial motion. If the Court is inclined to consider any of these new requests for relief from Petitioner's reply, the Government

requests that the Court provide notice to the Government and permit the Government to make a written submission opposing Petitioner's new requests on the merits.

Petitioner's inclusion of new requests for relief in his reply memorandum contravened the rules governing motion practice in this Court, which do not permit raising new arguments or requests for relief for the first time in a reply brief. See D.D.C. Local Civil R. 7(a) (requiring that a motion include a "statement of the specific points of law and authority that support the motion"); Jones v. Mukasey, 565 F. Supp. 2d 68, 81 (D.D.C. 2008) (Huvelle, J.) ("As the D.C. Circuit has consistently held, the Court should not address arguments raised for the first time in a party's reply."); Scott v. Office of Alexander, 522 F. Supp. 2d 262, 274 (D.D.C. 2007) (Kollar-Kotelly, J.) ("It is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief."); see also Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). It also contravened the Court's May 27, 2009, Scheduling Order, which required Petitioner to present any challenges to the Government's compliance with its disclosure obligations or requests for additional discovery in the single consolidated motion that Petitioner filed on September 14, 2009. See Scheduling Order (dkt. no. 167) at 1–2.

By introducing new requests for relief in his reply brief, Petitioner has effectively denied Respondents an opportunity to respond to his requests. For this reason, and because such practices violate this Court's Scheduling Order and standing rules, the Court should not consider Petitioner's requests. At a minimum, if the Court is inclined to consider any of Petitioner's new requests for relief, Respondent requests that the Court provide notice to the Government and authorize the Government to make a written submission opposing Petitioner's new requests on the merits. Without such notice and an opportunity to respond, the Government would suffer an unfair disadvantage. See Pub. Citizen Health Research Group v. Nat'l Insts. of Health, 209 F.

Supp. 2d 37, 43–44 (D.D.C. 2002) (Kollar-Kotelly, J.) (noting that presenting an argument for the first time in a reply does not permit the opposing party to competently respond to the argument).

The Court therefore should disregard Petitioner's new requests for relief or provide the Government with an adequate opportunity to respond to any new requests that the Court is inclined to consider.[1]

Date: January 14, 2010                                  Respectfully submitted,

                                                        TONY WEST
                                                        Assistant Attorney General

                                                        JOSEPH H. HUNT
                                                        Director

                                                        TERRY M. HENRY
                                                        JAMES J. GILLIGAN
                                                        Assistant Branch Directors

                                                        /s/ JAMES C. LUH
                                                        RONALD J. WILTSIE (D.C. Bar No. 431562)
                                                        JAMES C. LUH
                                                        Attorneys
                                                        United States Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        20 Massachusetts Ave NW
                                                        Washington DC 20530
                                                        Tel: (202) 514-4938
                                                        Fax: (202) 616-8460
                                                        E-mail: James.Luh@usdoj.gov
                                                        Attorneys for Respondent

---

[1] Respondent also notes that Petitioner's reply contains numerous inaccurate statements regarding the factual representations and legal arguments that Respondent made in its opposition to Petitioner's discovery motion. Respondent refers the Court to Respondent's opposition and other filings for an accurate account of the factual and legal contentions that Respondent has made. See Resp't's Mem. of P. & A. in Opp'n to Pet'r's Mot. for Disc. and Pet'r's Mot. for Sanctions (Oct. 27, 2009).