**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ZAYN AL ABIDIN MUHAMMAD HUSAYN,

Petitioner

vs.

ROBERT GATES,

Respondent

Civil Action No. 08-cv-1360 (RWR)

**RESPONDENT'S MEMORANDUM REGARDING**
**CLASSIFICATION REVIEW OF PETITIONER'S FILINGS**

Pursuant to the Court's March 29, 2011, Memorandum Order (ECF No. 273), Respondent submits this memorandum regarding the status of classification review under paragraph I.F.48.a of the protective order[1] of petitioner's Amended Petition for a Writ of Habeas Corpus and additional filings submitted by petitioner for classification review.

As the Government has explained in previous filings, *see, e.g.*, Decl. I of Officer, DoD Security Classification/Declassification Review Team (Apr. 14, 2010) (ECF No. 239-3), classification review of petitioner filings and other documents used in the Guantanamo Bay habeas cases involves a word-by-word review of each document by classification review teams at several federal agencies, and resource-intensive coordination among the agencies. Documents must be reviewed, processed, and cleared, not only for declassification purposes to make documents previously cleared for use in the litigation available for wider dissemination, but also

[1] Am. Protective Order for Habeas Cases Involving Top Secret/Sensitive Compartmented Information and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, in Habeas Cases Involving Top Secret/Sensitive Compartmented Information (Jan. 9, 2009), ECF Nos. 77, 78.

for initial clearance purposes to approve documents for litigation use by respondents, petitioners, and the Court.[2]

The same Government personnel who conduct classification and declassification review of petitioner filings are also called upon to perform all of the necessary classification and declassification reviews and processing necessary to clear documents for production to petitioners in discovery; to clear documents for use by respondents in the habeas litigation; to prepare unclassified versions of judicial opinions, as well as briefs and appendices required by the Court of Appeals; and to make available various documents for use by the government and detainee defendants in detainee-related prosecutions, including documents for use in Office of Military Commission legal proceedings. *See* Decl. I of Officer, DoD Security Classification/ Declassification Review Team. In addition, during the past fifteen months, pursuant to orders issued by Judge Hogan as coordinating judge for the habeas litigation, the Government classification review teams have focused a substantial portion of their limited time and resources on reprocessing more than 150 factual returns for eventual public filing on the Court's ECF docket. *See* June 1, 2009 & Jan. 14, 2010, Orders, Misc. No. 08-0442 (TFH). The Government's compliance with Judge Hogan's public return orders necessarily required the diversion of resources otherwise available for the various ongoing classification review tasks, including classification review of petitioner filings.

Despite these numerous, simultaneous demands on the classification review teams, the Government has managed to complete classification review of multiple documents submitted by Petitioner through the Court Security Officers, including:

---

[2] The Government's classification review teams must review and clear each document before it can be used in the litigation because access to classified material is based on a "need to know." The Government's classification review teams must review each classified document to determine whether any document contains material that cannot be disclosed in the litigation.

- Emergency Motion for Immediate Disclosure of Petitioner's Medical Records and for Related Relief (Aug. 19, 2008), ECF No. 26, 81;

- Motion for Preservation Order, Order Requiring Government Agencies to [Identify] Existing and Destroyed Documents, and Other Relief (Aug. 21, 2008), ECF No. 60;

- Reply to Government's Opposition for Disclosure of Petitioner's Medical Records and for Related Relief (Aug. 22, 2008), ECF No. 41;

- Reply in Support of Motion for Preservation Order, Order Requiring Government Agencies to [Identify] Existing and Destroyed Documents, and Other Relief (Sept. 12, 2008), ECF No. 80;

- Unopposed Motion to Withdraw Court Filing; Memorandum in Support of Petitioner's Unopposed Motion to Withdraw Court Filing (Sept. 29, 2008), ECF Nos. 82, 127;

- Petitioner Abu Zubaydah's Opposition to the Government's Motion for Entry of the Standard Protective Order (Oct. 9, 2008), ECF No. 59;

- Motion for Preservation Order, Order Requiring Government Agencies to [Identify] Destroyed Documents, and Other Relief; Memorandum in Support of Motion for Preservation Order, Order Requiring Government Agencies to [Identify] Destroyed Documents, and Other Relief (Dec. 16, 2008), ECF No. 83, 109;

- Petitioner's Response to the Government's Memorandum of December 23, 2008, Concerning Disclosure of Selected Records Regarding Petitioner (Jan. 6, 2009), ECF No. 107;

- Rply to the Government's Opposition to Petitioner's Motion for Preservation Order and Other Relief (Jan. 6, 2009), ECF No. 108;

- Motion for Order Requiring the Government to Return the Original Unredacted Copies of Petitioner's Diary and Other Writings, and to Allow Petitioner to Share His Writings with Counsel (Jan. 15, 2009); Memorandum in Support of Motion for Order Requiring the Government to Return the Original Unredacted Copies of Petitioner's Diary and Other Writings, and to Allow Petitioner to Share His Writings with Counsel (Jan. 14, 2009), ECF Nos. 110, 125;

- Motion for Permission to File Supplement to Petitioner[’]s Motion for [Preservation] Order, Order Requiring Government Agencies to [Identify] Destroyed Documents, and Other Relief;

- Supplement to Motion for Preservation Order, Order Requiring Government Agencies to [Identify] Destroyed Documents, and Other Relief (Mar. 4, 2009), ECF Nos. 121–122;

- Memorandum in [Support] of Motion for Permission to File Supplement to Petitioner[’]s Motion for [Preservation] Order, Order Requiring Government Agencies to [Identify] Destroyed Documents, and Other Relief (Mar. 4, 2009), ECF No. 123;

- Motion for Relief from Improper Classification; Memorandum in Support of Motion for Relief from Improper Classification (May 11, 2009), ECF Nos. 189, 192;

- Reply in Support of Motion for Relief from Improper Classification (June 22, 2009), ECF No. 193;

- Petitioner’s Reply in Support of His Motion to Disclose Petitioner’s CIA [Medical] Records and to Obtain an In-Person Medical Evaluation (June 30, 2009), ECF No. 216;

- Opposition to Respondent’s Motion to Confirm Designation of Abu Zubaydah Diary Materials and All Related or Derivative Documents as Protected (July 15, 2009), ECF No. 215;

- Reply in Support of Petitioner’s Motion for Sanctions as a Result of the Government’s Deliberate Spoliation of Material Evidence (Dec. 13, 2009), ECF No. 241;

- Petitioner's Opposition to Respondent’s Motion for Partial Reconsideration of Court's Memorandum Order Compelling Disclosure of Documents in Unredacted Form (Dec. 18, 2009), ECF No. 242;

The Government’s classification review teams are currently performing classification review of Petitioner’s Amended Petition for Writ of Habeas Corpus. Respondent estimates that the Government will complete the classification review process, in accordance with paragraph I.F.48.a of the protective order, for Petitioner’s Amended Petition for a Writ of Habeas Corpus by June 17, 2011.

In addition to the ongoing classification review demands noted above, multiple parties have recently approached the Government requesting expedited classification review of large numbers of petitioner filings, and the Government is currently considering those requests. To the extent that it were to become necessary to process multiple petitioners' filings on an expedited basis, the Government would have to consider a global approach that takes into account the legitimate interests of all requesting parties while ensuring that the classification review teams at each affected agency can continue to devote the needed time and resources to the paramount task of clearing and declassifying documents for litigation in this Court and the Court of Appeals. The Government cannot commit to a date certain to complete a review of filings by a single petitioner without considering the similar requests of others. Consequently, at this time Respondent is unable to provide the Court with an estimate of when this Petitioner's requests for classification review of additional documents will be complete.

Still further complicating the picture is the fact that the Government cannot perform classification review work on a purely first-in, first-out basis, but must instead respond to court-ordered deadlines and specific litigation needs and demands as they arise. Predicting when classification review will be completed for large numbers of pages of filings is made difficult because of the inherent uncertainty at any given time in predicting the workload that will face the classification review teams in the short- or long-term future. Court-ordered classification and declassification review tasks, litigation-driven deadlines, and large-scale classification review demands (such as those created by the recent announcements of Office of Military Commission prosecutions) frequently interrupt the pending classification review work and require that resources be focused on previously unforeseen tasks.

Further, while Petitioner has claimed a general litigation-related need for expedited review of the filings for which he has requested classification review through the Court Security

Officers, *see* Petitioner's Motion for Relief from Improper Classification (May 11, 2009) (ECF No. 155), he has not shown an immediate, specific need that would justify putting his requests ahead of other pending requests. Thus, the Government is unable to assess how Petitioner's pending requests compare to other demands on the classification review teams, including the pending requests of other petitioners.

In sum, the Government has already completed the classification review process for multiple filings submitted by petitioner, including those listed above. Respondent estimates that the Government will complete classification review, in accordance with paragraph I.F.48.a of the protective order, of Petitioner's Amended Petition for a Writ of Habeas Corpus by June 17, 2011, but Respondent is unable at this time to provide an estimate of when the classification review process will be complete for additional filings submitted by petitioner that have not already undergone classification review. Respondent intends to submit a status report to the Court in 45 days, or by June 6, 2011, to provide the Court with any additional information known to Respondent at that time that would allow Respondent to estimate a time frame for the completion of classification review for the remaining filings submitted by Petitioner.

Date: April 22, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOSEPH H. HUNT
Director

TERRY M. HENRY
JAMES J. GILLIGAN
Assistant Branch Directors

/s/ JAMES C. LUH
RONALD J. WILTSIE (D.C. Bar No. 431562)
JAMES C. LUH
ERIC J. SOSKIN
LISA Z. MARCUS

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov
Attorneys for Respondent