UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZAYN AL ABIDIN MUHAMMAD HUSAYN,   )
                                  )
        Petitioner                )
                                  )
    v.                            )   Civil Action No. 08-cv-1360 (EGS)
                                  )
ASHTON CARTER,                    )
                                  )
        Respondent                )

**JOINT STATUS REPORT IN RESPONSE TO OCTOBER 24, 2016, ORDER**

A minute order entered by the Court on October 24, 2016, directed the parties to submit a joint status report "setting forth the proposed prioritization of the pending motions and the reason for the proposed prioritization." The parties respond as follows:

The motions currently pending before the Court are as follows:

**Table 1. Motions on which no further briefing is anticipated**

|   | Date Filed | Associated ECF Nos. | Caption and status information |
|---|---|---|---|
| 1 | Apr. 22, 2009 | 149, 152, 336, 380 | [Petitioner's] Motion for Legible Copies of Documents Relied on by the Government |
| 2 | Sept. 14, 2009 | 212, 213, 222, 231, 232, 405, 406, 407 | [Petitioner's] Motion for Discovery (overlaps with No. 12 below and partly resolved by the Court's Memorandum Order (Oct. 1, 2009), ECF No. 429) |
| 3 | Nov. 30, 2009 | 225, 229, 242, 381, 387, 430 | Respondent's Motion for Partial Reconsideration of Court's Memorandum Order Compelling Disclosure of Documents in Unredacted Form |
| 4 | Apr. 20, 2010 | 240, 253, 260, 261, 382, 388, 394, 397 | [Petitioner's] Motion for an Order Prohibiting the Government from Obstructing Petitioner's Investigation |
| 5 | June 28, 2010 | 251, 258, 266, 360, 361, 395 | [Petitioner's] Motion for Amendment of Preservation Order and Service on Relevant Current and Former Government Employees and Contractors |
| 6 | Jan. 13, 2012 | 288, 293, 340, 399, 425 | Petitioner's [Motion] for Sanctions Due to Respondent's Improper Seizure and Review of Documents that are Subject to the Attorney-Client [Privilege] and the Work Product Doctrine |

|   | Date Filed | Associated ECF Nos. | Caption and status information |
|---|---|---|---|
| 7 | Jan. 17, 2012 | 290, 293, 341, 383, 427 | Petitioner's Motion in Support of Order to Show Cause Why the Government and DOD Should Not Be Held in Contempt for Failing to [Comply] with the Court's October 1, 2009 Order to Provide Petitioner with Access to Unredacted Versions of His Own Writings, and Request for Clarification as to Which of His Own Writings Petitioner Is Entitled to Possess |
| 8 | Jan. 30, 2012 | 287, 292, 300, 363, 364, 366 | Respondent's Motion to Deem Protected Information Highlighted in Proposed Public Factual Return (overlaps with No. 11 below) |
| 9 | Apr. 18, 2016 | 317, 318, 319, 411, 412, 436 | Motion by Non-Party Raymond Bonner to Intervene and Unseal Court Records |
| 10 | June 10, 2016 | 342, 343, 345, 376, 377, 391 | Petitioner's Motion for Declassification, Classification Review, Release of Unclassified Material, and Related Relief |
| 11 | Oct. 13, 2016 | 421, 422, 423, 432, 437, 438, 439 | Respondent's Supplemental Motion to Deem Protected Additional Information in the Proposed Public Factual Return for ISN 10016 (overlaps with No. 8 above) |

**Table 2. Motions on which further or supplemental briefing is anticipated**

|   | Date Filed | Associated ECF Nos. | Caption and status information |
|---|---|---|---|
| 12 | June 9, 2009 | 181, 182, 186, 188, 221, 329, 358, 390, 400, 428, 443 | [Petitioner's] Emergency Motion to Produce CIA Medical Records and Allow In-Person Medical Evaluation (overlaps with No. 2 above) |
| 13 | June 30, 2009 | 191, 199, 203, 215, 275, 325, 327, 328, 444 | Respondent's Motion to Confirm Designation of Abu Zubaydah Diary Materials and All Related or Derivative Documents as Protected (partly withdrawn as described in Respondent's Notice Relating to Motion to Confirm Designation of Abu Zubaydah Diary Materials and All Related or Derivative Documents as Protected, ECF No. 275) |
| 14 | Sept. 21, 2009 | 217, 218, 222, 226, 241, 355, 356, 401, 402, 406 | [Petitioner's] Motion for Sanctions for the Spoliation of Evidence (overlaps with No. 16 below) |
| 15 | Jan. 22, 2010 | 233, 234, 237, 348, 339, 349 | [Petitioner's] Motion for Access to Respondent's Ex Parte Filings or in the Alternative for Respondent's Ex Parte Filings to Be Stricken |

|    | Date Filed | Associated ECF Nos. | Caption and status information |
|----|------------|---------------------|--------------------------------|
| 16 | June 28, 2010 | 250, 258, 266, 359, 360, 361 | [Petitioner's] Motion to Supplement Motion for Sanctions for Spoliation of Evidence (overlaps with No. 14 above) |
| 17 | June 21, 2011 | 283 | Respondent's Notice Regarding Production of Medical Records and Other Documents and Motion for Clarification and Partial Reconsideration of Orders Requiring Production of Medical Records and Other Documents (see No. 20 below) |
| 18 | Sept. 19, 2016 | 409, 418, 435 | [Petitioner's] Motion for Prompt Disclosure of Petitioner's Medical Records (sur-surreply due Nov. 21, 2016) |
| 19 | Nov. 18, 2016 | 441 | Petitioner's Motion to Compel Respondent to Produce for the Court a Complete and Un-Redacted Copy of the Senate Select Committee on Intelligence Report on the CIA Detention and Interrogation Program |
| 20 | Nov. 18, 2016 | 442 | Petitioner's Motion for Leave to File Opposition to Respondent's Notice for Clarification and Partial Reconsideration of Orders Requiring the Production of Medical Records and Other Documents (see No. 17 above) |

**Government's statement**

As the Government has noted previously, the Government believes that two of the motions listed above can and should be disposed of very quickly:

No. 1 ([Petitioner's] Motion for Legible Copies of Documents R elied on by the Government) can be denied as moot because the Government has already provided the requested relief voluntarily and the Petitioner has not identified any other individual documents for which Petitioner seeks substitute copies. Petitioner has suggested that he also seeks substitute copies of other FBI FD-302s included in the factual return, but—despite repeated invitations by the Government over the course of several years—Petitioner has never identified which of those 22 documents he considers unreadable. (Redacted versions of these 22 documents appear at ECF No. 369-6, pages 14 to 49, and ECF No. 396-7, pages 1 to 56.)

3

The motion contained within No. 17 (Respondent's Notice Regarding Production of Medical Records and Other Documents and Motion for Clarification and Partial Reconsideration of Orders Requiring Production of Medical Records and Other Documents) can be granted because it was properly supported and Petitioner did not file a timely opposition. The Government does not believe Petitioner should be permitted to submit an opposition out of time and will oppose Petitioner's motion for leave to do so.

Petitioner's statement below indicates that Petitioner intends to file an additional motion seeking discovery. The Government believes that, to file such a motion, Petitioner would have to show good cause to depart from the May 27, 2009, Scheduling Order, ECF No. 167, that was entered by the Court at the parties' joint request. That order directed that "[a]ny and all remaining disclosure or discovery disputes shall be resolved through consolidated proceedings" as set forth in the order, and "[a]ny request for modification to or departure from the procedure outlined [in the order] shall be by motion for good cause shown." Scheduling Order 1–2. In relevant part, the order permitted Petitioner to file a single consolidated motion containing all his discovery requests (see No. 2 in the table above), potentially followed by one additional motion seeking discovery related to any material newly disclosed as a result of the Court's resolution of the consolidated motion. Scheduling Order 1–2.

As for the remainder of the pending motions, the Government does not consider any motion to be of special priority to the Government, and it has no objection to the Court following Petitioner's proposed prioritization as set forth below (though the Government does not necessarily agree with Petitioner's reasons for that proposed prioritization). However, the Government also notes that several motions listed above overlap with other motions as indicated

in the table above. The Court may wish to consider overlapping motions together or otherwise take account of those overlaps in deciding the motions.

**Petitioner's statement**

Petitioner would prioritize the pending motions (some of which are not yet fully briefed) as follows:

First, we believe the highest priority should be given to the cluster of motions regarding access to an un-redacted and complete copy of Petitioner's medical records and an in-person examination. We place this first because a clear and comprehensive understanding of Petitioner's mental and physical state is necessary "to ensure that Petitioner has meaningful access to counsel, that his counsel are able to adequately communicate with him in order to represent his claims to this Court, and to preserve this Court's jurisdiction over Petitioner's habeas petition." *Zuhair v. Bush,* 08-CV-0864 (EGS) (Dec. 22, 2008) (citing *Husayn v. Gates*). This would include the following motions:

> a. Petitioner's Emergency Motion to Produce CIA Medical Records and Allow In-Person Medical Evaluation (including a recently filed Supplement)
>
> b. Petitioner's Motion for Prompt Disclosure of Petitioner's Medical Records (sur-surreply due Nov. 21, 2016)
>
> c. Respondent's Notice Regarding Production of Medical Records and Other Documents and Motion for Clarification and Partial Reconsideration of Orders Requiring Production of Medical Records and Other Documents (including a recently filed Opposition by Petitioner)

Second, we believe the next highest priority should be given to the Motion for the Court to Secure Access to the Complete and Un-Redacted Report of the Senate Select Committee on

Intelligence on the CIA Detention and Interrogation Program. We prioritize this as we do because of the wealth of relevant exculpatory information contained in that Report and the very real risk that it will be destroyed.

    Third, the next highest priority should be given to the Motion for Discovery. We prioritize this as we do because without discovery of information in the possession of the United States Government, Petitioner cannot meaningfully challenge the lawfulness of his detention. Note that Petitioner intends to file a Second Motion for Discovery based on disclosures in the Executive Summary of the Senate Torture Report, but the Court need not wait for that filing before ruling on the pending, and fully briefed, motion for discovery.

    As noted in the last Joint Status Report, and in Petitioner's latest Motion for a Status Conference, Petitioner intends to soon file a supplement to Petitioner's Motion for Sanctions for the Spoliation of Evidence, based on disclosures in the Executive Summary of the Senate Torture Report, as well, and, as a result, does not believe that motion is currently ripe for ruling.

    As further noted in the last Joint Status Report, Petitioner anticipates that additional briefing may be needed with respect to Petitioner's Motion for Access to Respondent's Ex Parte Filings or in the Alternative for Respondent's Ex Parte Filings to Be Stricken. Petitioner is attempting to confer with Respondent regarding this matter and continues to await further information from Respondent, regarding how the public disclosure of certain portions of these submissions affects Respondent's position. As a result, Petitioner does not believe that motion is currently ripe for ruling.

    Two other matters deserve very brief mention. The motion for legible copies is not moot. As we have indicated repeatedly to the government, the motion was for legible copies of all 302s. Respondent has not produced legible copies of all 302s, despite having partially resolved

the motion. The motion is therefore not moot. In addition, we have also moved for leave to file an out-of-time opposition to Respondent's Notice Regarding Production of Medical Records. As Petitioner indicated he would do in the last Joint Status Report, Petitioner has filed his opposition alongside the motion for leave to do so.

| | |
|---|---|
| Date: November 18, 2016 | Respectfully submitted, |
| | BENJAMIN C. MIZER |
| /s/ Joseph Margulies | Principal Deputy Assistant Attorney General |
| Joseph Margulies | |
| Professor of Law and Government | JOSEPH H. HUNT |
| 238 Myron Taylor Hall | Director |
| Cornell University | |
| Ithaca, NY 14850 | TERRY M. HENRY |
| | Assistant Branch Director |
| George Brent Mickum IV (Bar No. 396142) | |
| 5800 Wiltshire Drive | /s/ JAMES C. LUH |
| Bethesda, MD 20816 | RONALD J. WILTSIE (D.C. Bar No. 431562) |
| | JAMES C. LUH |
| Mark Denbeaux | ERIC J. SOSKIN |
| Denbeaux & Denbeaux | Attorneys |
| 366 Kinderkamack Road | United States Department of Justice |
| Westwood, NJ 07675 | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Ave NW |
| Amanda L. Jacobsen | Washington DC 20530 |
| University of Copenhagen, Faculty of Law | Tel: (202) 514-4938 |
| Studiestraede 6 | Fax: (202) 616-8460 |
| Copenhagen, Denmark 1455K | E-mail: James.Luh@usdoj.gov |
| | Attorneys for Respondent |
| Charles R. Church | |
| Denbeaux & Denbeaux | |
| 366 Kinderkamack Road | |
| Westwood, NJ 07675 | |