IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ZAYN AL ABIDIN MUHAMMAD
HUSAYN (ISN 10016),

    Petitioner,

v.

LLOYD J. AUSTIN, III, in his official capacity
as Secretary of Defense,

    Respondent.

Civil Action No. 08-CV-1360 (EGS)

# JOINT STATUS REPORT

Pursuant to the Court's Minute Order of January 28, 2022, the parties hereby submit this Joint Status Report.

**Respondent's Position**

    Summary:

- The production of items identified by the Court in its Minute order of June 23, 2021, has been completed. See Resp.'s Status Report at 2 (Sep. 9, 2021) (ECF No. 584).

- The responsiveness review of Petitioner's statements that were disseminated to the Intelligence Community was completed last fall. The clearance of those documents and their production remain ongoing.

- The re-review of documents previously produced as containing Petitioner's medical information for responsiveness to the Court's broader, subsequent discovery order is complete. Those documents found to contain responsive information have been submitted to the clearance authorities for reprocessing to lift redactions from now responsive material. Production has not yet begun.

- With the completion of this re-review, the Government intends to commence a responsiveness review of one specific type of document that contains Petitioner's statements, documents that were not disseminated to the Intelligence Community as a whole.

1

Details:

To date, Respondent has focused its discovery efforts on producing Petitioner's statements. Initial queries identified over 200,000 documents that potentially contain responsive statements by Petitioner or information concerning Petitioner. Id. at 5.

To provide Petitioner with as many responsive documents as quickly as possible, the Government prioritized producing Petitioner's statements contained in classified intelligence reports disseminated by the CIA to other Intelligence Community components. See SSCI Report at 46 & n.220 (describing disseminated intelligence reports in which Petitioner is the source of the information reported).

As Respondent has reported, the review of those documents for responsiveness is complete. Resp.'s Status Report at 6 (Sep. 9, 2021) (ECF No. 584). The responsive documents have been submitted to the appropriate agency officials for review as part of the classified document clearance process.[1] The clearance and production of Petitioner's disseminated statements is ongoing. As was noted in the last status report, Petitioner's disseminated statements for 2002 had been produced (with one noted exception). Jt. Status Rep. at 2-3 (Jan.

---

[1] This review process is quite in-depth. The process frequently involves coordination with subject-matter experts who are uniquely knowledgeable about the kind of disclosures that could, for example, jeopardize specific intelligence sources or methods, and are therefore best qualified to determine what damage, if any, to the national security reasonably could be expected to result from an unauthorized release of the information. Additionally, many of the documents require line-by-line review by multiple agencies given the multiple information equities involved, thereby extending the amount of time required for coordination and review. Agency officials involved in the review and clearance process must contend with these considerable burdens in addition to obligations in other Guantanamo Bay habeas cases, military commission cases, and other mission-critical duties.

28, 2022).[2]  Since the last status report, Respondent has produced Petitioner's disseminated statements for 2003 and several months of 2004.

With the completion of the responsiveness review of Petitioner's disseminated statements and their submission for clearance, the Government suggested that it would be appropriate next to re-review the previously produced documents containing Petitioner's medical information to determine if any redacted information might be responsive to the later discovery order.  Resp.'s Status Report at 8-9 (Sep. 9, 2021).  Those records were initially produced pursuant to the Court's June 6, 2020 Order.  The initial search and production process in response to that June 6 Order lasted approximately one year and resulted in the disclosure of over 3800 classified pages.  The responsive medical information about Petitioner, however, was often embedded in CIA documents that also contained non-medical, operational information.  See ECF No. 561 at 3.  As that non-medical information was at the time of production non-responsive, the Government limited production to only those parts of the documents that contained the responsive medical information, redacting all non-medical portions of the documents.  Id.

Respondent suggested that, in light of the Court's subsequent, broader discovery order, sequencing of the re-review now would be efficient.  Petitioner has requested that Respondent justify via motion all redactions taken in these documents.[3]  Thus, re-processing the medical records for responsiveness to the discovery order will likely narrow the scope of any disputes between the parties about the redactions in the previously-disclosed versions.  Given the

---

[2] The exception concerns two documents that were not included in the production.  Those two documents may contain highly sensitive information and, so, may require significant additional time to obtain as appropriate the necessary approvals for production.  The process for clearing those two documents is still under consideration.  Id. at 2 n.1.

[3] Respondent also intends to file a separate motion to justify redactions taken in Petitioner's medical records from his time in Department of Defense custody.

likelihood that redactions to some non-medical information may be lifted in response to the Court's intervening discovery order, considerations of judicial economy and party resources would be furthered by allowing the Government to complete the responsiveness re-review and reprocess those documents for re-production before the parties litigate, and the Court adjudicates, a motion from Respondent justifying redactions in the medical records that may soon become largely moot.  Id.

The Government has proceeded as it suggested and re-reviewed the medical-information production upon the completing responsiveness review of the disseminated statements.  That re-review, as the government previously informed the Court, was hindered by a processing issue. In short, numbers of consecutive pages were removed from some of the produced documents because they did not contain any responsive medical information (the removal was generally noted, the alternative being to black out those pages). Jt Status Rep. at 4-5 (Jan. 7, 2022).  To properly re-review the production for responsiveness to the discovery order, those pages had to be located and reviewed, which took considerable time.[4]

The re-review for responsiveness is now complete, and those medical-information documents found to contain information responsive to the broader discovery order have been submitted to the clearance authorities for approval to lift the appropriate earlier redactions.   Of note, these documents submitted for reprocessing are varied, potentially requiring different types of reviews across multiple agencies and by multiple classification authorities.  Because of this complexity and because the reprocessing by clearance authorities of the medical-information documents to address non-medical information responsive to the Court's broader discovery order

---

[4]  As noted above, however, during this delay, Respondent continued processing and producing Petitioner's disseminated statements.

has recently begun, Respondent has been unable to predict how quickly this reprocessing by the clearance authorities will take. Accordingly, Respondent requests to inform the Court of the likely timing for a motion from Respondent justifying redactions in the medical-record documents in its next status report.

Petitioner appears to argue that Respondent should be required to justify pre-existing redactions in the previously produced medical-record documents almost immediately. *See infra* at 7. But as noted above, permitting the Government to complete its clearance of the redaction lifts in those documents—i.e., to lift redactions of information responsive to the Court's later discovery order—will likely narrow the scope of redactions that may need to be litigated by the parties and assessed by the Court. That is, the redaction lifts will moot many of Petitioner's current complaints and obviate the need for Respondent to justify (or the Court to rule on) many of those prior redactions.

To re-process the documents with medical information as described above, the Government has interrupted the production of Petitioner's disseminated statements. After completing the reprocessing of the documents containing Petitioner's medical information, Respondent will return to producing Petitioner's prior disseminated statements from 2004-2006. Respondent currently anticipates that when it resumes processing the disseminated statements that it will be able to then maintain the same production rate for those statements of 400-500 pages per month.

Meanwhile Respondent intends to begin reviewing for responsiveness another type of document that is known to contain Petitioner's statements. As the plans for this review are just coalescing, Respondent asks for permission to provide more details, including time estimates, in its next status report.

**Petitioner's Position**

(a) **Unnecessary Repetition.** In its Minute Order of January 28, 2022, the Court directed the parties to file by February 25 a Joint Status Report (JSR) advising "of the status of the production of the remaining discovery." Alas, that is not what Respondent provided, at least in substantial part. Rather than report the heretofore unknown status of discovery issues to the Court and to Petitioner, Respondent leads with a "Summary," JSR at 1, that merely repeats matters previously claimed. For example, in the first bullet point, Respondent advises that the production of items identified by the Court as far back as June 23, 2021 "has been completed." This claim originally was asserted by Respondent as long ago as September 9, 2021 in his Position in the JSR filed on that date, ECF No. 584 at 2. The point was asserted again by Respondent in the next JSR, filed on January 7, 2022, ECF 601 at 1. Now Respondent repeats the claim a third time, in the first bullet point, at 1. The second bullet point summarizes a point asserted in the prior JSR.[5] So as not to belabor the point, Petitioner simply emphasizes that in the new JSR, Respondent too-often repeats points he stated in prior JSRs.

(b) **Redactions.** With regard to the CIA medical records, for which Respondent was directed to provide both classified and unclassified editions, Petitioner's Lead Counsel shortly after visiting the Secure Facility to review the classified edition wrote to Respondent's Counsel to complain bitterly that, after he and another legal team member had spent (separately) well over a full day in the SCIF, they found that "an enormous portion of the many pages they had reviewed, 'perhaps 80%' has 'unexplained redactions' which often are 'very extensive.'" As for the unclassified version, posted later by Respondent on a secure, sharable website, a review of the many hundreds of pages revealed that nearly every word had been redacted. The scantiness

---

[5] ECF 601 at 2.

6

of the information provided in the unclassified set meant that Judge Roberts's intention that this set would be "shared with Petitioner's uncleared hired medical expert"[6] would be thwarted entirely.  For a more complete description of the government's frustration of the Court's directive concerning production of both editions of the CIA medical records, *see* ECF No. 588 (Sept. 30, 2021) at 2-6.  In sum, a full year was required for production of both versions of the CIA medical records, though the extensive redactions destroyed the value of that production.  Even then, it seems quite evident that such belated production only took place, after the Court laid its hand firmly upon the government's back.  *See* the Court's April 23, 2021.[7]

The Court in its January 5, 2021 Minute Order declared that it "anticipated that Respondent would seek approval of redactions after documents had been produced in order to expedite production of the documents."  Respondent delivered both editions of the CIA medical records over sixth months ago in June 2021, yet no motion by Respondent on their redactions has been forthcoming.  Surely, as the government was taking redactions, it must have envisioned a colorable reason for doing so.   As described, the extensive redactions in both editions, particularly the unclassified one, have rendered them close to valueless.  Surely, in seeking to expedite production of the records, this is far from what the Court envisioned.

Petitioner respectfully requests that the Court direct Respondent to file his motion seeking to justify the redactions taken in both editions of the CIA medical records within 45 days of the filing of this JSR.  Respondent's re-review of the medical records to ascertain whether the Court's May 25, 2021 discovery order warrants more extensive production is complete.  This

---

[6] *See* Resp.'s Position in ECF no 550 at 5-6, where he describes a previous order by Judge Roberts.
[7] "[T]he Court informs Respondent that it expects Respondent to produce both the classified and unclassified sets of Petitioner's CIA medical records by no later than June 22, 2021.

JSR at 1, 3rd bullet.[8]  While these additional documents are being reviewed by the classification authorities, *id.*, Respondent leaves the time this would require open-ended.  Though Respondent suggests that this may diminish to some unrevealed extent the scope of the redactions that might be eliminated during this review, he also goes to great lengths, *see, e.g.* this JSR at 2, n. 1 to describe how meticulous such review must be, and that multiple agencies must be involved.  Clearly, this multi-pronged and careful process will be very time-consuming.  Petitioner should not be required to wait for such an unknowable period to obtain what the Court can order through a process it defines now.

      Respondent also advises that the government has completed its review of documents containing Petitioner's statements for responsiveness.  Further, the responsive documents have been submitted to the appropriate agency officials for review as part of the document clearance process.  This JSR at 2. The clearance and production of Petitioner's disseminated statements is ongoing, and in the last JSR, Respondent reported that such statements for 2002 had been produced (with one exception).  Since the last JSR, Respondent tells the Court he has produced Petitioner's disseminated statements for 2003 as well, plus several months of 2004.  However, this process seems now to have been interrupted. This JSR at 2-3, 5 and 7, n. 8.

      Petitioner respectfully requests that the Court clarify this situation, and that a reasonable deadline be imposed for completion of this process, and for filing of a motion seeking to justify any redactions sought for these documents.

---

[8] Confusingly, Respondent appears to suggest that this re-review has not been completed after all.  This JSR at 5.

| | |
|---|---|
| 25 February 2022 | Respectfully submitted, |
| | |
| MARK P. DENBEAUX<br>CHARLES R. CHURCH<br>Denbeaux & Denbeaux<br>372 Kinderkamack Road<br>Westwood, New Jersey 07675<br>crchurch24@gmail.com<br>860/596-4166 | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>TERRY M. HENRY<br>Assistant Branch Director<br><br>/s/ Jason C. Lynch<br>RONALD J. WILTSIE<br>ANDREW WARDEN |
| GEORGE BRENT MICKUM IV<br>5800 Wiltshire Drive<br>Bethesda, Maryland 20816<br>Counsel for Petitioner | JASON LYNCH (D.C. 1016319)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street, NW, Room 7510<br>Washington, D.C. 20530<br>Tel: 202/514-1359<br>Fax: 202/616-8460<br>Jason.Lynch@usdoj.gov<br><br>Counsel for Respondent |