IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN # 10016), | ) ) ) | |
| *Petitioner,* | ) ) | |
| v. | ) ) | No. 08-CV-1360 (EGS) |
| LLOYD J. AUSTIN III, | ) ) | |
| *Respondent.* | ) ) ) | |

**PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO REDACT CLASSIFIED AND UNCLASSIFIED-BUT-SENSITIVE INFORMATION FROM PETITIONER'S DEPARTMENT OF DEFENSE ("DoD") MEDICAL RECORDS**

Petitioner Zayn al Abidin Muhammad Husayn, commonly known as Abu Zubaydah, by and through undersigned counsel, respectfully submits his response to Respondent's new motion to redact classified and unclassified-but sensitive information

**(a) History of this Motion**

Way back on November 28, 2008, Petitioner's then counsel argued to Judge Roberts, who presided over this case at the time, that "access to Zubaydah's medical information is necessary to make strategic determinations that are essential to legal representation, such as whether Petitioner has the mental capacity necessary to assist in preparing and presenting his defense." His counsel sought access to his medical records "in order to assess whether, and to what extent, Petitioner's medical condition" affects his right to habeas.  Memor. Op. and Order, ECF 53 at 6-

1

7.  The Court granted Petitioner's Motion for Reconsideration in relevant part,[1] finding that: "If Zubaydah's right to present his case with the assistance of counsel is to have any meaning, his counsel must be able to make the very assessments he seeks to make.  Requesting copies of Zubaydah's medical records and staff records regarding [his] seizure-related episodes…is a legitimate and important effort to provide effective representation and present the Court with appropriate information affecting the lawfulness of his detention."  *Id.* at 7.  Hence, the request that Respondent provide Petitioner's counsel with "copies of [his] medical records since his arrival at Guantánamo in September 2006, copies of all guard and staff reports, logs and notes regarding Petitioner's seizures and seizure-related episodes…will be granted…."  *Id.* at 9-10.[2] This Order remains in effect, and is the law of the case.

   As noted,[3] the Court allowed Respondent to file a memorandum and proposed order proposing redactions he deemed appropriate.  Respondent proposed only two redactions: (1) any treatment providers' identifying information; and (2) "certain, limited information based on a determination that Petitioner's counsel does not have the requisite need to know…."  The first request was granted, and the second was denied.  With regard to the denial, the Court observed that Petitioner's "counsel has a security clearance and is presumed to have a need to know the information he is requesting."  *See* March 4, 2009 Order, ECF 113.

---

[1] The Court originally had denied Petitioner's Motion for Disclosure of his Medical Records on the erroneous basis that he was seeking relief from his conditions of confinement.  Recognizing the error, Judge Roberts granted the pertinent portion of Petitioner's Motion for Reconsideration. *See id.* at 1.

[2] Judge Roberts granted the motion "in part," in that he also allowed Respondent to propose redactions.  *Id.*

[3] *See* n. 2 *supra.*

Since at least October 2016, the parties have agreed that Respondent will produce unclassified copies of the DoD medical records every ninety (90) days (approximately). *See* Memor. and Order, ECF No. 549, Sec. C, at 23-24. Almost always, the only redactions in all these records have been to identifying information of treatment providers. Rarely, other, rather modest redactions have been taken in the records. In these few cases, the parties swiftly have come to an agreement on an informal basis to allow such redactions.

After the parties dealt amicably and efficiently with the matter of redacting the DoD medical records for six (6) years, on September 29, 2022, Respondent filed a Notice of Filing [his] Motion to Redact Classified and Unclassified-But-Sensitive Information from Petitioner's (DoD) Medical Records, ECF No. 615. But the redactions proposed in Respondent's new Motion must not tread on the original order by Judge Roberts. The basis upon which he entered his order, namely, that "[r]equesting copies of Zubaydah's medical records and staff records regarding [his] seizure-related episodes…is a legitimate and important effort to provide effective representation and present the Court with appropriate information regarding the lawfulness of his detention." Memor. Op. and Order, ECF 53 at 7.

Respondent does not present his motion as one seeking reconsideration of Judge Roberts's longstanding (fourteen years, and counting) order, but in effect that is what his motion amounts to. As the Court knows very well, the case law surrounding such a motion erects a high barrier for granting such a motion.

Petitioner has one additional point at this time. The attorney on Petitioner's legal team who drafted this motion arrived on the scene in the latter half of 2016. This being so, he had never seen Judge Roberts's order requiring production of copies of "all guard and staff reports, logs and notes regarding Petitioner's seizures and seizure-related episodes…." *Id.* Neither has he

ever seen any such "reports, logs and notes."[4]  In the unlikely event that they reside in the secure

facility, no doubt Respondent will advise the Court.  But counsel has seen no order allowing

filing in such facility.

## CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that the Court disallow any

request by Respondent for a redaction that undermines the basis on which Judge Roberts granted

Petitioner access to his medical records and guard and staff records regarding his seizures and

seizure-related episodes.  Petitioner also respectfully requests that the Court establish a reasonable

schedule for Respondent to cure his failure to produce such "guard and staff records" since Judge

Roberts ordered their disclosure in 2008.


Dated: October 27, 2022                    Respectfully submitted,


                                           /s/ Charles R. Church

                                           Mark P. Denbeaux
                                           Charles R. Church
                                           Denbeaux and Denbeaux
                                           372 KinderkamackRoad
                                           Westwood, NJ 07675
                                           crchurch24@gmail.com
                                           860-596-4166


                                           George Brent Mickum IV
                                           5800 Wiltshire Drive
                                           Bethesda, MD 20816


                                           *Counsel for Petitioner*

---

[4]  Petitioner hereby offers to stipulate that identifying information for any "guard and staff"
persons may be redacted.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Local Rule 5.4(d)(2), that the foregoing response has been served electronically on counsel of record for Respondent.

Date:  October 27, 2022                                    /s/ Charles R. Church