UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>    Petitioner,<br>v.<br><br>LLOYD AUSTIN, *et al.*,<br><br>    Respondents. | Civil Action No. 08-1360 (EGS) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner's Motion for Access to Respondents' *Ex Parte* Filings, or in the Alternative for Respondents' *Ex Parte* Filings to be Stricken, *see generally* Mot. for Access, ECF No. 348;[1] which Respondents oppose, *see* Resp'ts' Opp'n, ECF No. 339. Upon careful consideration of Petitioner's motion, Respondents' opposition, the reply thereto, the applicable law, and for the reasons explained below, the Court **DENIES** Petitioner's motion.

### I. Background

Petitioner seeks access to three *ex parte* filings by Respondents. The first filing accompanied Respondents' Opposition to Petitioner's Motion for Relief for Improper Classification. *See* Notice, ECF No. 183. Respondents' notice of

---

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

filing stated that the opposition was accompanied by a supporting Declaration of Wendy M. Hilton, and that an additional compartmented Declaration of Wendy M. Hilton was filed with the Court for *ex parte*, in camera review. *Id*. Petitioner's motion was granted in part and denied in part. *See* Memorandum Order, ECF No. 273.

The second filing accompanied Respondents' Supplement to Its Opposition to Petitioner's Emergency Motion to Produce CIA Medical Records and Allow In-Person Medical Evaluation. Respondents' notice of filing stated that redacted versions of the Supplemental and accompanying declaration had been filed with the Court Security Officers, and that the unredacted declaration had been filed with the Court *ex parte*, for in camera review. *See* Notice, ECF No. 186. Petitioner's motion was granted. *See* Memorandum Opinion and Order, ECF No. 549.

The third filing accompanied Respondents' Notice in Connection with Respondents' Motion for Stay of Respondents' Filing of Response to Petitioner's Motion. Respondents' notice of filing stated that it was filing a document with the Court for *ex parte*, in camera review. Notice, ECF No. 208. Respondents' notice of filing further stated that through the Court Security Officers, it was also filing with the Court and serving on Petitioner's counsel a second classified document that describes Respondents' *ex parte*, in camera submission in

2

greater detail. Respondent's motion was found as moot. *See* Minute Order (Feb. 4, 2010).

## II. Analysis

### A. The Protective Order Permits *Ex Parte* Submission of Sensitive Information for In Camera Review By the Court

Paragraph I.F.49.b of the Protective Order in this case specifically permits the *ex parte* submission of classified information by Respondent:

> Nothing herein requires the government to disclose classified information. Additionally, nothing herein prohibits the government from submitting classified information to the Court in camera or *ex parte* in these proceedings or entitles petitioners or petitioners' counsel access to such submissions or information. Except for good cause shown in the filing, the government shall provide petitioners' counsel or petitioners with notice served on petitioners' counsel on the date of the filing.

Protective Order for Habeas Cases Involving Top Secret/Sensitive Compartmented Information, ECF No. 78 ¶ I.F.49.b. Furthermore,

> A petitioner's counsel is presumed to have a "need to know" all the information in the government's possession concerning the detainee or detainees whom that counsel represents. This presumption is overcome to the extent the government seeks to withhold from a petitioner's counsel highly sensitive information or information concerning a highly sensitive source that the government presents to the Court *ex parte* and in camera. Except for good cause shown, the government must provide notice to petitioner's counsel the same day it files such information with the Court *ex parte*.

3

*Id*. ¶ I.D.28.[2]

Petitioner contends that Protective Order "in no way provides that Respondents may unilaterally determine when *ex parte* submissions are appropriate." Mot. for Access, ECF No. 348 at 9. Petitioner provides no support for this assertion. And petitioner is mistaken—the only procedure required by the Protective Order is that Respondent provide notice of the *ex parte* submission to Petitioner's counsel or demonstrate to the Court that there is good cause not to provide notice to Petitioner's counsel. *See id.* Here, Respondent complied with the procedure by providing notice of each *ex parte* filing. *See* ECF Nos. 183, 186, 208.

### B. Respondent Was Not Required to Seek Leave to File the Three Ex Parte Submissions[3]

Section I.F of the Case Management Order entered November 6, 2008, ECF No. 48; as amended on December 16, 2008, ECF No.

---

[2] Petitioner points out that Petitioner's counsel has top secret security clearance and so the use of *ex parte* submissions is unnecessary. Mot. for Access, ECF No. 348 at 13-14. This argument ignores that the Protective Order specifically contemplates the possibility of the need for Respondent to submit filings *ex parte*.

[3] Petitioner's reliance on a footnote in *Allen v. CIA*, 636 F.2d 1287, 1298 n.63 (D.C. Cir. 1980) to assert that Respondent is required to demonstrate that the *ex parte* submissions were "absolutely necessary" is entirely misplaced. In *Allen*, the Court stated, in the Freedom of Information Act context, that while in camera affidavits may be appropriate, they should be employed only where "absolutely necessary" due to the inability of the plaintiff to respond.

62; does require Respondents to move for an *ex parte* exception to disclosure when the information to be disclosed to the Petitioner is exculpatory evidence pursuant to Section I.D. or discovery evidence pursuant to Section I.E of the Case Management Order. *See* Case Management Order, ECF Nos. 48 and 62. Here, none of Respondents' *ex parte* submissions fall within these categories.

Petitioner acknowledges that *ex parte* motions may need to be filed in this case, *see* Reply, ECF No. 349 at 1;[4] acknowledges that *ex parte* submissions may appropriately be used to protect sensitive national security information, *see* id. at 2; but contends that Respondent is required to seek leave of Court to make the *ex parte* submissions. Mot. for Access, ECF No. 348 at 9.

Petitioner points to *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986) to support his position that "*ex parte* proceedings are not permissible unless the government has first shown: (1) 'a large risk that an unjust result would eventuate if the case proceeded without the privileged material,' (2) a 'proper invocation of the privilege,' (3) a 'demonstration of

---

[4] Accordingly, the Court need not reach Petitioner's passing reference to the Classified Information Procedures Act, Pub. L. No. 96-456, 94 Stat. 2025 (1980)(codified as amended at 18 U.S.C. app.). *See* Mot. for Access, ECF No. 348 at 11, 12.

compelling national security concerns,' and (4) 'public disclosure by the government, prior to any in camera proceedings, of as much of the material as it could divulge.'" *Id.* (quoting *Abourezk*, 785 F.2d at 1061).

However, *Abourezk* provides no support for Petitioner's position. First, the context in that case was that *ex parte*, in camera evidence had been used by the district court to decide the merits of a dispute: "It is . . . the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, in camera submissions." *Abourezk*, 785 F.2d at 1061. Petitioner does not—and cannot—claim that the *ex parte* submissions at issue here relate to the ultimate merits of the case,[5] but contends that "[a]s long as the information is material and relevant to the Court's decision in ruling on the motions at issue, the adversarial process envisions Petitioner's involvement." Reply, ECF No. 349 at 3. Petitioner provides no support for this contention. And Petitioner does not explain how this assertion is consistent with his acknowledgment that *ex parte* submissions may need to be filed in this case and may appropriately be used to protect sensitive national security information. *See* Reply, ECF No. 349 at 2. Nor does he

---

[5] Accordingly, Petitioner's reliance on cases where the *ex parte* filings were relevant to the ultimate merits of the case is misplaced.

acknowledge that in *Abourezk*, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") noted that courts routinely consider *ex parte* submissions in camera when, for example, deciding the applicability of evidentiary privileges. *Abourezk*, 785 F.2d at 1061.

Second, in *Abourezk*, the D.C. Circuit did not direct the district court to disallow the use of *ex parte* evidence. Rather, the D.C. Circuit directed the district court "to make certain that plaintiffs are accorded access to the decisive evidence to the fullest extent possible, without jeopardizing legitimately raised national security interests." *Id*. at 1060.

Here, with regard to the first two *ex parte* submissions, Petitioner was provided redacted versions of the submissions. With regard to the third, Petitioner was provided a second classified document that describes Respondents' *ex parte*, in camera submission in greater detail. Accordingly, any disadvantage to Petitioner was minimized to the extent possible.

Petitioner also points to *Al Odah v. United States*, 559 F.3d 539, 547 (D.C. Cir. 2009) to support his argument that "it is incumbent on the court to make the determination of whether *ex parte* submissions are appropriate"—specifically invoking the D.C. Circuit's statement in *Al Odah* that "[t]his court's opinion in *Bismullah* did not hold that the government's submission of classified materials to the court for in camera, *ex parte* review

7

ends that inquiry." Reply, ECF No. 349 at 2. The inquiry that the D.C. Circuit refers to, however, is the district court's "determin[ation of] whether the classified information is material and counsel's access to it . . . necessary to facilitate meaningful review, and whether no alternatives to access would suffice to provide the detainee with the meaningful opportunity required by *Boumediene*." *Al Odah*, 559 F.3d at 548. *Al Odah* neither requires Respondent to seek leave to file *ex parte* submissions nor for the Court "to make the determination of whether the *ex parte* submission is appropriate" in the context here.

### III. Conclusion and Order

For the reasons stated above, it is hereby

**ORDERED** that Petitioner's Motion for Access to Respondents' *Ex Parte* Filings, or in the Alternative for Respondents' *Ex Parte* Filings to be Stricken, ECF No. 348, is **DENIED.**

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**             United States District Judge**
**             May 30, 2023**