UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>        Petitioner,<br>v.<br>LLOYD AUSTIN, *et al.*,<br><br>        Respondents. | Civil Action No. 08-1360 (EGS) |

## ORDER

Pending before the Court is Petitioner's Motion for Declassification, Classification Review, Release of Unclassified Material, and Related Relief, *see generally* Pet'r's Mot., ECF No. 342;[1] which Respondents oppose, *see* Resp'ts' Opp'n, ECF No. 376. Upon careful consideration of Petitioner's motion, Respondents' opposition, the reply thereto, the applicable law, and for the reasons explained below, the Court **GRANTS IN PART, DENIES IN PART, AND FINDS AS MOOT IN PART**, Petitioner's motion.

The Court denies Petitioner's request "to take Judicial Notice of the fact that Petitioner's own account of his torture, treatment, conditions of confinement, and transfer is unclassified." Pet'r's Mot., ECF No. 342 at 1. Petitioner has

---

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

provided no legal argument or authorities in support of the Court taking such Judicial Notice.

Petitioner's request for dissemination of unclassified documents containing information about his own account of his torture, treatment, conditions of confinement, and transfer is moot. *See* Reply, ECF No. 391 at 2.

Although it does not appear that there has been a pattern of inordinate delay, the Court grants Petitioner's request that Respondent promptly process his requests for classification review. The Court expects Respondent to process the requests of Petitioner in this case in the same manner as it does in any other Guantanamo case.

The Court denies Petitioner's request that the "Court order the government to stop imposing restrictions on the type, form, and intended use of" materials submitted for classification review. Respondent has provided a sworn affidavit from the then-Team Lead of the Privilege Team confirming that "it is not the present practice of the Privilege Team to ask questions about the intended use of a document submitted for either classification review or declassification." Privilege Team Declaration, ECF No. 376-1 ¶ 7.

The Court denies Petitioner's request to categorically bar the Privilege Team from applying the "For Official Use Only" (FOUO) marking to documents containing potentially sensitive

2

information and directing counsel not to disseminate the information for the reasons stated in Respondent's Opposition. *See* Resp'ts' Opp'n, ECF No. 376 at 16-19. That said, the Court expects Respondent and Petitioner to determine on a document-by-document basis whether documents marked as FOUO can be released by Petitioner.

In view of the many competing demands on the government's classification-review resources, and the discovery currently being produced in this case, *see* Minute Order (July 12, 2022), the Court denies Petitioner's request to order Respondent to conduct an expedited classification review for all court records in this proceeding. The Court notes that it has previously ordered classification reviews of filings related to pending motions in this case. *See* Minute Order (Apr. 22, 2016); Minute Order (June 10, 2016); and Minute Order (Mar. 6, 2019).

Finally, the Court denies Petitioner's request that the TS/SCI Protective Order governing this case (and the other Guantanamo cases before this district) be amended. Petitioner has pointed to no other Guantanamo case where Petitioner sought and received amendment of the TS/SCI Protective Order. To the extent Petitioner seeks to amend the TS/SCI Protective Order to require documents be portion marked, there are other avenues for Petitioner to obtain the relief he seeks. *See* Resp'ts' Opp'n, ECF No. 376 at 24-25.

For the reasons stated above, it is hereby

**ORDERED** that Petitioner's Motion for Declassification, Classification Review, Release of Unclassified Material, and Related Relief, ECF No. 342 is **GRANTED IN PART, DENIED IN PART, AND FOUND AS MOOT IN PART.**

SO ORDERED.

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**May 30, 2023**