**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>　　　　　　Petitioner,<br>v.<br><br>LLOYD AUSTIN, *et al*.,<br><br>　　　　　　Respondents. |

Civil Action No. 08-1360 (EGS)

**ORDER**

Pending before the Court is Petitioner's Motion for Sanctions Due to Respondent's Improper Seizure and Review of Documents That Are Subject to the Attorney-Client Privilege and the Work Product Doctrine, *see generally* Pet'r's Mot., ECF No. 399;[1] which Respondents oppose, *see* Resp'ts' Opp'n, ECF No. 340. Upon careful consideration of Petitioner's motion, Respondents' opposition, the reply thereto, and for the reasons explained below, the Court **FINDS AS MOOT IN PART AND DENIES IN PART** Petitioner's motion.

Petitioner "moves the Court to order a hearing and impose sanctions against Respondents for wrongfully and improperly seizing and reviewing legal materials in Petitioner's possession that were known, or should have been known to be subject to the

---

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

Attorney-Client Privilege and/or the Work Product Doctrine."
Pet'r's Mot., ECF No. 399 at 1. Petitioner states that once
counsel learned of the "improper document sweep," they requested
confirmation of the incident from Respondents' counsel, but no
response was received as of the date of the filing of the
motion. *Id.* at 6. Petitioner seeks the following relief: (1) a
hearing regarding the incident; (2) a written explanation from
the Government of the basis and justification for the search,
including identifying all documents that were seized and
reviewed; (3) confirmation of whether seized documents were
returned to Petitioner and whether any copies were retained by
the Government; (4) require the Government to confirm in writing
that no irregularities or abuses were determined to exist in
connection with Petitioner's legal mail; and (5) that the Court
impose appropriate sanctions against the Government. *Id.* at 7.

Respondents oppose, stating that the October 2011 security
inspection was "in fact a carefully executed security inspection
of detainee cells that involved no content review of
Petitioner's privileged communications" and that "Petitioner is
not entitled to any relief in this matter because the Government
may properly conduct contraband inspections to protect security
at the . . . Guantanamo . . . facility." Resp'ts' Opp'n, ECF No.
340 at 1. Respondents represent that "the inspection was
conducted in a manner that respects the confidentiality of

2

properly-marked communications from his counsel" and so
Petitioner is not entitled to sanctions. *Id*. Finally,
Respondents state that the Government has responded via letter
to "Petitioner's request for information concerning the purpose
and justification of the searches and its execution." *Id*.
Respondents attach the letter to their opposition briefing. *See
id*. at 26-27.

Respondents have attached a sworn Declaration of the then-
Staff Judge Advocate of Guantanamo to their opposition briefing.
*See* Decl. of Commander Thomas J. Welsh, ECF No. 340 at 21-24.
The Declaration describes the separate processes for screening
non-legal mail by Guantanamo staff, for inspecting legal mail
sent to detainees by attorneys representing them in habeas
proceedings by the Habeas Privilege Team, and the procedures
governing written communications between detainees and their
military commission defense counsel. *See id*. ¶¶ 5, 6, 8. The
Declaration states that the latter procedure resulted in
inconsistencies in the manner in which the communications were
initialed and that in addition, the Guantanamo "Commander was
concerned about some contraband materials that were discovered
within the detention facility and which appeared to have not
undergone any security screening." *Id*. ¶ 9. Accordingly, "in
October 2011, a one-time security inspection or 'baseline
review' [was] conducted of all the materials in the cells of the

3

detainees in [the] camp [where Petitioner resides], for the purposing of ensuring that documents properly in those cells were marked as having been through an appropriate procedure. As part of that process, documents bearing a security screening stamp from the Habeas P[rivilege] T[eam] were to be immediately cleared, stamped by the guard force with a new uniform marking, and returned to the detainee as soon as possible without any further review." *Id*. ¶ 11. The Declarant avers that "the contents of documents inspected were not disclosed outside of the security inspection team." *Id*. ¶ 12.

Petitioner dismisses Respondents' opposition in a one-and-a half-page Reply briefing as "utterly self-serving" but provides no substantive response to Respondents' averments and arguments. *See generally* Reply, ECF No. 425.

In view of Respondents' opposition briefing and February 22, 2012 letter, the following of Petitioner's requests are largely moot: (1) a written explanation from the Government of the basis and justification for the search, including identifying all documents that were seized and reviewed; (2) confirmation of whether seized documents were returned to Petitioner and whether any copies were retained by the Government; and (3) require the Government to confirm in writing that no irregularities or abuses where determined to exist in connection with Petitioner's legal mail. The Court notes that it

took Respondent four months to respond to Petitioner's email query. The Court expects Respondent to respond to requests such as these in a prompt fashion. In view of the Declaration provided, and Petitioner's failure to respond substantively to Respondents' opposition briefing, the Court concludes a hearing and sanctions are unwarranted.

For the reasons stated above, it is hereby

**ORDERED** that Petitioner's Motion for Sanctions Due to Respondent's Improper Seizure and Review of Documents That Are Subject to the Attorney-Client Privilege and the Work Product Doctrine, and Related Relief, ECF No. 342 is **FOUND AS MOOT IN PART AND DENIED IN PART AND.**

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**           United States District Judge**
**           May 30, 2023**