**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016), <br><br>          Petitioner,<br>v.<br><br>LLOYD AUSTIN, *et al.*,<br><br>          Respondents. | Civil Action No. 08-1360 (EGS) |

**ORDER**

Pending before the Court is Petitioner's Motion to Order the Director of National Intelligence to Search for the Tapes and Drawings Depicting Petitioner's Torture, to Report the Results of that Search Under Oath, and to Deliver Any Responsive Material to Court Security ("Pet'r's Mot."), *see generally* ECF No. 512; which Respondents oppose, *see generally* Resp'ts' Opp'n, ECF No. 534. Upon careful consideration of Petitioner's motion, Respondents' opposition, the reply thereto, and for the reasons explained below, the Court **FINDS AS MOOT** Petitioner's motion.

Petitioner's counsel state that they were informed that the videotapes of Petitioner's interrogation have not been destroyed and Petitioner's drawings have not been lost. *See* Pet'r's Mot., ECF No. 512 at 3. In response to the Motion, Respondents conducted searches for the tapes and "no evidence of them or their continued existence was found." Resp'ts' Opp'n, ECF No.

534 at 4. Respondents also state that the drawings have not been lost, but rather have already been produced to Petitioner. *Id.* at 5.

In view of the searches that were conducted, Petitioner, in his Reply briefing, acknowledges that "[t]he only question that remains for the Court is whether the search undertaken and declarations submitted by Respondent are sufficient to moot this Motion" and "suggests" that they are insufficient for two reasons. Reply, ECF No. 535 at 1.

First, Petitioner argues that "Respondent has conducted a search and has reported that the search did not yield any tapes of Petitioner's interrogation. But that is not what Petitioner sought. That is, we do not know the results of the search . . . Respondent should report what the search *did* uncover, rather than what it *did not*, and let the interpretation of that answer be resolved by the adversarial process." Reply, ECF No. 2. The Court rejects this request. Petitioner asked the Court to order a search for the videotapes. Respondents conducted searches, found no videotapes, and provided appropriate declarations describing the searches. Petitioner is not entitled to more.

Second, Petitioner requests that the personnel who actually conducted the searches submit affidavits. *See* Reply, ECF No. 535 at 2-3. The Court rejects this request.

Attached to Respondents' opposition briefing are two declarations. The first concerns the searches conducted of the Central Intelligence Agency's ("CIA") Rendition, Detention & Interrogation network ("RDINet") which contains all information and materials produced and preserved concerning the CIA's Rendition, Detention and Interrogation ("RDI") Program. Resp'ts' Opp'n, ECF No. 534 at 5. The declaration describes preservation directives and orders issued by CIA Directors in 2007, 2008 and 2009, CIA Decl., ECF No. 534 at 37-38 ¶¶ 5-6; and explains that the information and materials were collected and stored in the RDINet. *Id*. at 39 ¶ 7. Respondent states that the search of the RDINet did not result in any videos of Petitioner. Resp'ts' Opp'n, ECF No. 534 at 8.

Second is the Declaration of Patricia Gaviria, Director, Information Management Division, Office of the Director of National Intelligence, which describes the searches conducted of materials archived with that office. *See generally* Gaviria Decl., ECF No. 534 at 44-50. Ms. Gaviria first describes the search request issued in December 2007 for any records regarding the destruction of the videotapes. *Id*. at 49 ¶ 11. She then describes the search directive issued in June 2009 "requiring all staff employees, detailees and contractors to locate, preserve and maintain all records, information and other materials relating to the detention and interrogation program

conducted by the CIA." *Id*. With regard to these two searches, Ms. Gaviria attested "I understand, based on information that has been provided to me, that no videos depicting Petitioner's time in CIA custody or depicting the treatment of any detainee, were located in response to these requests." *Id*.

Next, Ms. Gaviria attests to the following with regard to the searches conducted in response to the instant motion: "in May 2018, [Information Management Division] personnel, in consultation with the Office of General Counsel, completed an electronic search of its archived database index with the queries repeated within several iterations, each time refining the search terms in order to produce the most responsive search results. [This] search did not result in any responsive records, including videos of Petitioner's treatment while in CIA custody or records indicating that copies of such videos exist." *Id*. at 49 ¶ 12.

Petitioner has provided no legal authority that would compel the Court to depart from the well-established practice of accepting declarations from the appropriate official with close knowledge of the information and relevant records systems, and of the searches that were conducted, as were provided here.

For the reasons stated above, it is hereby

**ORDERED** that Petitioner's Motion to Order the Director of National Intelligence to Search for the Tapes and Drawings

4

Depicting Petitioner's Torture, to Report the Results of that Search Under Oath, and to Deliver Any Responsive Material to Court Security, ECF No. 512 is **FOUND AS MOOT.**

      **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
                **United States District Judge**
                **May 31, 2023**