UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>    Petitioner,<br>v.<br><br>LLOYD AUSTIN, *et al.*,<br><br>    Respondents. | Civil Action No. 08-1360 (EGS) |

**ORDER**

  Pending before the Court is Respondents' Motion for Partial Reconsideration of the Court's Memorandum Order Compelling Disclosure of Documents in Unredacted Form. *See generally* Resp'ts' Mot., ECF No. 387. Upon careful consideration of Respondents' motion, Petitioner's opposition, the reply thereto, the applicable law, and for the reasons explained below, the Court **GRANTS** Respondents' motion.

  Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The standard for determining whether or not to grant a Rule 54(b) motion is the "as justice requires" standard. *Jud. Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). Under this flexible standard, the Court considers "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted); *see also Montgomery v. Internal Revenue Serv.*, 356 F. Supp. 3d 74, 79 (D.D.C. 2019), *aff'd*, 40 F.4th 702 (D.C. Cir. 2022).

The moving party has the burden of demonstrating "'that some harm, legal or at least tangible, would flow from a denial of reconsideration.'" *In Def. of Animals*, 543 F. Supp. 2d at 76 (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). "[E]ven if justice does not require reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion." *Id.* (internal quotation marks omitted). However, this discretion is "limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it

2

again.'" *Id.* (quoting *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

In its October 1, 2009 Memorandum Order, the Court, among other things, ordered Respondents to produce to Petitioner's counsel to share with Petitioner the Petitioner's diaries. Mem. Order, ECF No. 643-1 at 11. In response to the Memorandum Order, Respondents provided, among other things, four diaries that Petitioner wrote after his capture while in U.S. custody. Resp'ts' Mot., ECF No. 387 at 2. Respondents redacted information that identifies or describes individual U.S. Government personnel in the diaries. *Id*. Respondents request that the Court modify its Memorandum Order to permit these redactions, arguing that "[r]edaction of such identifying information is justified in light of the Government's paramount interest in protecting the identities of its intelligence personnel and protecting them from risk of harm." Resp'ts' Mot., ECF No. 387 at 1.

Petitioner objects, arguing that the identifying information will help Petitioner, who has a defective memory, to refresh his recollection and that "is precisely the type of information that [P]etitioner requires to collect the exculpatory evidence" that must be provided to him. Pet'r's Opp'n ECF No. 430 at 3. Petitioner also notes that the none of

3

the Central Intelligence Agency personnel involved in his torture and interrogation provided their real names to him. *Id*.

The Court has previously approved redacting information from records produced to Petitioner that identifies government personnel. *See Husayn v. Gates*, Civil Action No. 08-1360, 2009 WL 544492 (D.D.C. Mar. 4, 2009)(ordering the production of certain medical records with the treatment providers' identifying information redacted); *Husayn v. Gates*, Civil Action No. 08-1360, 2020 WL 3035052 (D.D.C. June 6, 2020)(noting that the Court had agreed that it would be appropriate to redact identifying information). Respondents have identified the harm that could flow from the denial of reconsideration here—exposing Government personnel to risk of physical harm. Petitioner has neither addressed the harm nor provided any authority pursuant to which the Court would reach a different result here.

For the reasons stated above, it is hereby

**ORDERED** that Respondents' Motion for Partial Reconsideration, ECF No. 387, is **GRANTED**; and it is further

**ORDERED** that the Court's Memorandum Order of October 1, 2009 is modified to permit the Government to redact information identifying Government personnel as described in Respondents' motion.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          August 25, 2023**