UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>    Petitioner,<br><br>v.<br><br>LLOYD AUSTIN, *et al.*,<br><br>    Respondents. | Civil Action No. 08-1360 (EGS) |

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Petitioner's Motion to Compel Respondent to Produce for the Court Complete and Unredacted Copies of all CIA Documents, Records and Things Referenced in or Otherwise Relied Upon by the Full Senate Select Committee on Intelligence Torture Report and for Related Relief ("Pet'r's Mot."), *see generally* ECF No. 540[1]; which Respondents oppose, *see generally* Resp'ts' Opp'n, ECF No. 566; and to which Petitioner has replied, *see generally* ECF No. 650. Upon careful consideration of Petitioner's motion, Respondents' opposition, the reply thereto, and for the reasons explained below, the Court **DENIES** Petitioner's motion.

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF header page numbers, not the page numbers of the filed documents.

Petitioner moves the Court to compel Respondent to deposit with the Court Information Security Officer (CISO) "complete and unredacted copies of all [Central Intelligence Agency ("CIA")] documents, records and things referenced or relied upon by the full [Senate Select *Committee on Intelligence Committee Study of the CIA's Detention and Interrogation Program* ("SSCI Report")], plus the electronic 'search tool' provided by the CIA to the SSCI, and all CIA documents, records and things comprising the Panetta Review." *See* Pet'r's Proposed Order, ECF No. 540-1. The Court will refer to the subject of Petitioner's motion collectively as "materials."

Petitioner contends that: (1) the records will be lost or destroyed for political purposes, *see* Pet'r's Mot., ECF No. 540 at 30; (2) "there is 'a significant risk that the relevant evidence will be destroyed,'" *id*. at 30-31 (citing *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004) and *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429 (W.D.Pa. 2004)); and that the request is not unduly burdensome, *see id*. at 31-33.

The persuasive authority Petitioner cites in support of his motion sets forth a two-pronged standard. First, Petitioner "must show that absent a court order, there is significant risk that the evidence will be lost or destroyed—a burden often met by demonstrating that the opposing party has lost or destroyed

2

evidence in the past or has inadequate retention procedures in place." *Pueblo of Laguna v. U.S.*, 60 Fed. Cl. 133, 138 (2004). Second, Petitioner must show that the request is not overly-broad. *Id*. For the reasons explained below, the Court concludes that Petitioner has failed to satisfy this standard.

First, Petitioner has not demonstrated that there is a significant risk that the materials will be lost or destroyed, nor that they will be lost or destroyed for political purposes. The materials are subject to a number of preservation orders, including the following. Since December 20, 2007, there has been "an Agency-wide preservation directive [in place] which required the preservation of all documents, information, and evidence relating to any detainee held at the United States Naval Station Guantanamo Bay, Cuba, and any detainee held by the CIA." Decl. of Milton R. Downs, Chief Data Officer ("CDO"), CIA ("Downs Decl."), ECF No. 566-1 at 23-24 ¶ 5. Additionally, since "January 11, 2008 [there has been] a directive for the preservation of any and all records, including media containing video and/or audio recordings of detainee interrogations and all documentation concerning the preservation or destruction of recordings of detainee interrogations." *Id*.

Mr. Downs attests to the following regard the materials:

> All information and materials produced and preserved in accordance with the data calls and preservation directives and orders were

3

> collected and, except with respect to archived materials and audio and video files addressed below that are maintained at an off-site CIA facility, were stored in a repository called the Rendition, Detention and Interrogation Network ("RDINet").

*Id.* at 25 ¶ 6. He further attests that

> These materials are considered to be permanent federal records under the Federal Records Act (FRA) and scheduled as P-11b, Significant Litigation Cases or Investigation Matters, under CIA's Flexible Records Control Schedule (FRCS). The CIA, therefore, has a duty under the FRA to maintain the materials in the RDI data collection until they are transferred to the National Archives and Records Administration (NARA) for indefinite retention. RDINet is a compartmented stand-alone electronic computer database that contains millions of highly classified documents, including emails, memoranda, and other sensitive records . . . .

*Id.* Finally, he attests that

> I ensure CIA compliance with the records preservation requirements of the Federal Records Act, as explained above, and any existing preservation directives and orders and directive pertaining to the entire RDI data collection, which includes millions of documents . . . (contained within RDINet), as well as audio and video files associated with the RDI program. Under the authority of the CDO, the RDI data collection is preserved as a discrete and unedited dataset which is routinely backed up on stable media.

*Id.* at 26 ¶ 7. In sum, the Chief Archivist of the CIA has sworn under oath that the CIA has preserved, and will continue to preserve, the materials Petitioner seeks.

4

Rather than rebut Respondents' explanation for why it is unnecessary for the documents to be produced, Petitioner argues that the risk of loss or destruction should be assessed with reference to the importance of the evidence to the Petitioner. Reply, ECF. No. 650-1 at 1-2. Petitioner points to the CIA's prior destruction of the videotapes of his "brutal detention, interrogation, and torture." *Id*. at 2. Petitioner also points to the CIA's "spying" on legislative staffers working on the "Torture Report." *Id*. at 4. Petitioner concludes his response stating "[w]ith all due respect to Mr. Downs, given the CIA's checkered history where the RDI Program is involved, having a CIA official as the chief custodian of the evidence that is so vitally important to Petitioner, does cause him a certain sense of unease." *Id*. at 6. Petitioner's argument fails to rebut Respondents' explanation for why it is unnecessary for the documents to be produced in light of "the statutory requirements of the Federal Records Act and current applicable preservation directives and orders." Downs Decl., ECF No. 566-1 at 27 ¶ 9. As Respondent points out, "Petitioner has not posited any scenario that would lead to the intentional or accidental destruction of th[e] materials, which are regularly backed up to stable storage media." Opp'n, ECF No. 566-1 at 13. Petitioner has therefore failed to satisfy the standard that he himself cited—that "there

is significant risk that the evidence will be lost or destroyed." *Pueblo of Laguna*, 60 Fed. Cl. at 138.

Second, Petitioner has not shown that the request is not unduly burdensome. Respondent has explained the "significant logistical difficulties and administrative and security burdens on both the CIA and the Court" were the Court to compel production of the materials. Downs Decl., ECF No. 566-1 at 27 ¶ 9. Respondent also points out that it is not possible for the CIA to fully comply with Petitioner's proposed order, stating that "[t]hese gaps would render Petitioner's requested order ineffective as a means of preservation, and the alternative methods of submitting the materials to the CISO would be unduly, indeed, enormously burdensome." Opp'n, ECF No. 566-1 at 13-14. Petitioner again fails to rebut Respondents' explanation, responding to Respondents' explanation as follows:

> Petitioner's counsel has reviewed carefully Respondent's classified, redacted Opposition, especially the Declaration of CIA CDO Milton R. Downs. While counsel might quarrel with various points asserted by Mr. Downs, a single reality exists that both parties very likely agree upon. Plainly, and this comes as no surprise, the CIA has vast resources at its disposal, including intellectual resources.

Reply, ECF No. 650-1 at 6. Petitioner has failed to rebut Respondents' explanation for why producing the materials would be unduly burdensome therefore has failed to satisfy the standard that he himself cited. *See Pueblo of Laguna*, 60 Fed.

6

Cl. at 138. The Court has reviewed the classified portions of Respondents' briefings and of Mr. Downs' Declaration and is satisfied that Respondent has adequately explained the "significant logistical difficulties and administrative and security burdens on both the CIA and the Court" were the Court to compel production of the materials.

For the reasons stated above, it is hereby

**ORDERED** that Petitioner's Motion to Compel Respondent to Produce for the Court Complete and Unredacted Copies of all CIA Documents, Records and Things Referenced in or Otherwise Relied Upon by the Full Senate Select Committee on Intelligence Torture Report and for Related Relief, ECF No. 540, is **DENIED**.

**SO ORDERED.**

**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **January 22, 2024**

7