**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>                Petitioner,<br>v.<br>LLOYD AUSTIN,<br><br>                Respondents | No 08-cv-1360 (EGS) |

**ORDER**

Respondent filed an *Ex Parte* Motion to Withhold from Disclosure Sensitive Classified Information in CIA Documents Containing Petitioner's Medical Records ("*Ex Parte* Mot.") on September 22, 2022. *See Ex Parte* Mot., ECF No. 612; Public Version *Ex Parte* Mot., ECF No. 672. Thereafter, Petitioner filed a motion seeking to prevent Respondent from proceeding on an *ex parte* basis. *See* Motion For An Order: Barring Respondent From Proceeding With His Original Motion *Ex Parte*; and (2) Requiring Him To Re-File His Motion in Conventional Form Pursuant to Local Rules 7(a)-(d), So That Petitioner May Assist the Court By Asserting His Position On the Redactions Unilaterally Taken In the CIA's Medical Records, ECF No. 617; which Respondent opposed, *see* Opp'n, ECF No. 620; and to which Petitioner replied, *see* Reply, ECF No. 624.

On December 1, 2022, Respondent filed a redacted version of the *Ex Parte* motion at the SECRET//NOFORM level and served a copy on Petitioner's counsel at the secure work facility. *See* Notice, ECF No. 625. Thereafter, the Court directed the parties to propose a schedule for Petitioner's response to the *Ex Parte* motion and for Respondent's reply, *see* Minute Order (May 26, 2023); and the Court set a briefing schedule, *see* Minute Order (July 25, 2023).

Before reviewing the redacted version of the *Ex Parte* motion, counsel for Petitioner claimed that the provision of the redacted version did not undermine his request for full access to the *Ex Parte* motion because "neither the Court nor the Petitioner has any information on the extent of the redactions . . . ." Petitioner's Notice, ECF No. 626 at 2. After reviewing the redacted version, however, Petitioner provided objections to Respondent's redactions, *see* Petitioner's Supplemental Report, ECF No. 656-1; and Respondent replied to those objections, *see* Respondent's Reply, ECF No. 660-1. Specifically, Petitioner provided both "[g]eneral criticisms,"[1] Petitioner's Supplemental

---

[1] Petitioner has not responded to Respondent's response to Petitioner's contention that he was not provided the sample set of documents showing Respondent's proposed redactions, and so apparently concedes that his contention is incorrect. *See* Petitioner's Supplemental Report, ECF No. 656-1 at 2-3; Respondent's Reply, ECF No. 660-1 at 4; and generally the docket for this case.

Report, ECF No. 656-1 at 2-3; and criticisms of specific redaction examples, *see id*. at 3-4. The parties' briefing will enable the Court to take Petitioner's objections and Respondent's reply into consideration when ruling on the *Ex Parte* motion. Accordingly, the Court concludes that the parties' briefing on the *Ex Parte* motion has mooted the relief Petitioner seeks in the instant motion because Petitioner was provided with a redacted version of the *Ex Parte* motion at the SECRET//NOFORM level and Petitioner has provided his objections to Respondent's redactions.

For these reasons, it is hereby

**ORDERED** that Petitioner's Motion For An Order: Barring Respondent From Proceeding With His Original Motion *Ex Parte*; and (2) Requiring Him To Re-File His Motion in Conventional Form Pursuant to Local Rules 7(a)-(d), So That Petitioner May Assist the Court By Asserting His Position On the Redactions Unilaterally Taken In the CIA's Medical Records, ECF No. 617, is **DENIED**.

SO ORDERED.

**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **October 8, 2024**