**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>Petitioner,<br>v.<br><br>PETE HEGSETH, in his official capacity as Secretary of Defense,[1]<br><br>Respondent. | No 08-cv-1360 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Respondent's motion to withhold from disclosure certain categories of sensitive classified information in documents created by the Central Intelligence Agency ("CIA") that contain Petitioner's medical information that Respondent has produced to Petitioner. *See* Resp't's Mot. to Withhold from Disclosure Sensitive Classified Information in CIA Documents containing Petitioner's Medical Information ("Mot. to Redact CIA Records"), ECF No. 672-1.[2] Respondent seeks to withhold this information from Petitioner's security-cleared counsel. *Id.* at 1.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as Respondent the current Secretary of Defense.
[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document. The Court has reviewed the classified materials but does not discuss classified information in this Opinion and Order so as to make it publicly available.

Upon careful consideration of Respondent's motion, the Petitioner's response, Respondent's reply, and the supplementary filings; the applicable law; and for the reasons discussed below, the Court **GRANTS** Respondent's motion.

## I. Background

### A. Respondent's Productions of the Medical Records

The Court has ordered Respondent to produce records from the time Petitioner was detained by the CIA, both related to his medical treatment and in response to certain discovery requests. *See* Mem. Op. & Order, ECF No. 549; Mem. Op. & Order, ECF No. 573.

First, in June 2020, the Court granted Petitioner's request for the government to produce his "medical and mental health records, including all radiographic films, relating to [Mr. Husayn's] condition and care during the period he was held captive by the CIA, from his capture in or around March 2002 until his custody was transferred by the CIA to the DOD in or around September 2006." Mem. Op. & Order, ECF No. 549 at 20. In response, Respondent disclosed over 3,800 pages of classified documents to Petitioner's counsel, "limit[ing] production to only those parts of the documents that contained the responsive medical information, redacting all non-medical portions of the documents." Mot. to Redact CIA Records, ECF No. 672-1 at 2-3.

Then, in May 2021, the Court issued a Memorandum Opinion and Order requiring the production of additional categories of information. *See* Mem. Op. & Order, ECF No. 573. Respondent had been producing Petitioner's CIA records to his counsel prior to this ruling, so it proposed to re-review the documents it already produced to determine whether there was additional responsive information in the documents. *See* Joint Status Report ("JSR"), ECF No. 604 at 3. As a result of that re-review, Respondent identified approximately 1,800 pages that needed to be re-processed for additional disclosures. *Id.* Respondent stated that re-reviewing the documents could "avoid having the parties litigate unnecessary disputes about redactions that might ultimately be lifted" and proposed "produc[ing] a sample of the different types of the re-reviewed CIA medical documents to Petitioner's counsel . . . [which] would consist of a representative subset of the different type of documents containing Petitioner's medical information, such as operational CIA documents, emails, and more traditional medical records." *Id.* at 3. The Court agreed and set deadlines for the government to "produce a sample of the different types of redactions [to the re-reviewed CIA and DOD documents containing Petitioner's medical records] . . . [and] file a motion explaining the basis for redactions not already approved by the Court . . . ." Minute

Order (May 18, 2022).[3] Respondent provided the sample set to Petitioner's counsel in September 2022. *See* Mot. to Redact CIA Records, ECF No. 672-1 at 5 n.1.

**B. Respondent's Motion**

Respondent initially filed his sealed Motion to Redact CIA Records on an *ex parte* basis, *see* Mot. to Redact CIA Records, ECF No. 672-1; but subsequently filed a redacted version classified at the SECRET/NOFORN level for Petitioner's review, *see* Notice of Filing of Redacted Secret/NOFORN Version of Respondent's Ex Parte Motion for Exception from Disclosure, ECF No. 625. Thereafter, the Court entered scheduling orders governing briefing on the Motion to Redact CIA Records. *See* Minute Order (June 9, 2023); Minute Order (July 25, 2023).

Attached to Respondent's Motion to Redact CIA records are: (1) a declaration; and (2) a sample set of redacted documents. *See* Mot. to Redact CIA Records, ECF No. 672-1 at 5 & n.2. Thereafter, and in response to the Court's request, Respondent submitted unredacted versions of the sample set of documents for

[3] Pursuant to prior orders of the Court, Respondent also redacts: (1) identifying information about medical treatment providers, *see* Order, ECF No. 113; (2) information about prior sites at which Petitioner was detained, *see* Order, ECF No. 549; and (3) the name of a private citizen who sent letters to Petitioner during his detention, *see id.* Petitioner does not object to the redaction of information that identifies an employee or agent of the U.S. government. ECF No. 409 at 3. These redactions are not at issue in the pending motion.

the Court's *ex parte* and *in camera* review. *See* Notice of Submission of Classified Documents for *Ex Parte* and *In Camera* Review, ECF No. 693.

The Court also ordered Respondent to provide points and authorities in support of his position that the Court can provide adequate review under Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") precedent based on reviewing a sample set of documents instead of reviewing each proposed redaction and set a briefing schedule on the issue. *See* Minute Order (June 13, 2025).

## II. Legal Standard

### A. Exceptions From Disclosure

Section 1.F of the Modified Case Management Order provides as follows:

> Classified Information. If any information to be disclosed . . . is classified, the government shall, unless granted an exception by the Merits Judge, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information. If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception from disclosure.

Case Management Order, ECF No. 48; Order Granting in Part & Denying in Part Mot. to Clarify Case Management Order ("Modified Case Management Order"), ECF No. 62.

"Respondents must disclose classified information to

Petitioners' cleared counsel if doing so is necessary to allow the Court 'to conduct a meaningful review of both the cause for detention and the Executive's power to detain.'" *Al-Baidany v. Biden*, Civil Action No. 05-2380, 2024 WL 5008296, at *1 (D.D.C. 2024) (citing *Al Odah v. United States*, 559 F.3d 539, 545 (D.C. Cir. 2009)). "The Court must make three findings before ordering the disclosure of classified information to cleared counsel." *Id.* "First, the information must be 'both relevant and material[ ]in the sense that it is at least helpful to the petitioner's habeas case.'" *Id.* (quoting *Al Odah*, 559 F.3d at 544). "'Relevant and material' information includes both inculpatory and exculpatory material." *Id.* (quoting *Al Odah*, 559 F.3d at 546). "Second, for disclosure to be appropriate, 'access by petitioner's counsel' must be 'necessary to facilitate the court's meaningful review of the habeas petition.'" *Id.* (quoting *Al Odah*, 559 F.3d at 546). "Third and finally, the court must determine that alternatives to disclosure would not effectively substitute for unredacted access." *Id.* (quoting *Al Odah*, 559 F.3d at 547).

## III. Analysis

### A. The Court Will Make Its Determination Based on a Sample of the Records

Respondent and Petitioner agree that the Court can provide adequate review under D.C. Circuit precedent based on the

Court's review of a sample set of documents instead of reviewing each proposed redaction on the nearly 4,000 pages of redactions in the CIA documents. *See* Resp't's Further Resp. to the Court's June 13, 2025 Order ("Resp't's Further Resp."), ECF No. 694; Petitioner's Resp. to Resp't's P. & A. Pursuant to the Court's June 13, 2025 Order ("Pet'r's Response"), ECF No. 696; Resp't's Reply, ECF No. 697. Respondent explains that "much of the medical information that Respondent produced was embedded within CIA documents that contain *non*medical, operational information." *See* JSR, ECF No. 604 at 208.

Respondent points to the Freedom of Information Act ("FOIA") context where it is well settled that "[r]epresentative sampling is a appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved" because "[i]f the sample is well chosen, a court can, with some confidence, 'extrapolate its conclusions from the representative sample to the larger group of withheld materials.'" *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991) (quoting *Fensterwald v. U.S. Cent. Intel. Agency,* 443 F. Supp. 667, 669 (D.D.C. 1977)).

Respondent has explained why the CIA sample set is a representative sample. *See* Mot. to Redact CIA Records, ECF No. 672-1 at 9–20. The Court concludes that the logic of *Bonner* applies here, and the Court can extrapolate its conclusions

about redactions in the sample set to the redactions within the same categories of information in the documents produced. The Court will therefore proceed based on its review of a sample set of documents.

**B. Disclosure of the Information Would Harm National Security**

The declaration attached to Respondent's motion explains why disclosure of the information would harm national security. The Court does not discuss the explanations in detail in this Memorandum Opinion because Respondent has designated this information as classified information. The Court has carefully reviewed Respondent's description of each category of classified information in the CIA documents and Respondent's basis for withholding each category of information. The Court credits the declaration and concludes that Respondent has adequately explained how disclosure of the information to security-cleared counsel for Petitioner "can reasonably expected to cause serious, if not exceptionally grave, damage to national security." Mot. to Redact CIA Records, ECF No. 672-1 at 9.

Petitioner does not challenge any of the Respondent's categories of redacted information. *See* Pet'r's Report, ECF No. 653; Pet'r's Suppl. Report, ECF No. 656-1. Petitioner notes that his ability to respond is limited as a result of the redactions remaining in the SECRET version of Respondent's motion, but

states that "[s]ince the matter being dealt with now by the parties concerns only CIA medical records relating to Petitioner, his counsel has intentionally refrained from commenting on the Respondent's redactions taken on representative specimens of documents produced." Pet'r's Report, ECF No. 653 at 3-4.

**C. Redactions in Sample Set of Documents**

The Court has carefully reviewed, *in camera*, the unredacted sample set of documents submitted by Respondent. None of the redacted information is relevant, material, or helpful to Petitioner's habeas case. Accordingly, the Court concludes that disclosure to Petitioner's cleared counsel of these categories of information in CIA documents containing Petitioner's medical records being produced to Petitioner is not necessary to allow the Court "to conduct a meaningful review of both the cause for detention and the Executive's power to detain." *Al Odah*, 559 F.3d at 454 (quoting *Boumediene v. Bush,* 553 U.S. 723, 783 (2008).

In his supplemental report, Petitioner "reject[s] the government's suggestion that its mere 'certification' is sufficient to establish" its point because this approach violates *Al Odah*. Pet'r's Suppl. Report, ECF No. 656-1 at 3. However, as discussed above, the Court has reviewed the unredacted sample set *in camera* and so is not relying on a

certification by Respondent. Petitioner provides a few "criticisms" of certain redactions but states that the list of criticisms is not "exhaustive." *Id.* Based on the Court's review of the unredacted sample set of documents, the Court concludes that Petitioner's criticisms are without merit.

**IV. Conclusion and Order**

For the reasons set forth above, it is hereby

**ORDERED** that the government's motion to withhold from disclosure sensitive classified information in CIA documents containing Petitioner's medical information, ECF No. 672-1, is **GRANTED**, and Respondent is authorized to continue to make similar redactions in CIA documents containing Petitioner's medical information.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**October 14, 2026**