**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZAYN AL ABIDIN MUHAMMAD HUSAYN (ISN #10016),<br><br>Petitioner,<br><br>v.<br><br>PETE HEGSETH, in his official capacity as Secretary of Defense,[1]<br><br>Respondent. | No 08-cv-1360 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Respondent's motion to redact classified information and unclassified-but-sensitive information from versions of Petitioner's Department of Defense ("DOD") medical records for public release. *See* Resp't's Mot. to Redact Classified and Unclassified-But-Sensitive Information From Petitioner's Medical Records, ("Mot. to Redact DOD Records"), ECF No. 673-1.[2]

Upon careful consideration of the Respondent's motion, the Petitioner's response, Respondent's reply, the applicable law,

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as Respondent the current Secretary of Defense.
[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document. The Court has reviewed the classified materials but does not discuss classified information in this Opinion and Order so as to make it publicly available.

and for the reasons discussed below, the Court **GRANTS** Respondent's motion.

## I. Background

### A. Respondent's Productions of the Medical Records

In November 2008, the Court ordered Respondent to produce Petitioner's DOD medical records since his arrival at Guantanamo in September 2006 to enable his counsel to provide him with effective representation. *See* Mem. Op. & Order, ECF No. 53. Respondent has produced and is producing Petitioner's DOD medical records in three groups. Mot. to Redact DOD Records, ECF No. 673-1 at 4. First, in response to the November 2008 Order, in late 2008 and early 2009, Respondent produced Petitioner's medical records from his arrival at Guantanamo through late 2008. *Id.* Second, Respondent produced a batch of Petitioner's records from 2009 until 2016. *Id.* Third, since 2016, Respondent has been producing Petitioner's medical records on a quarterly basis. *Id.* Accordingly, the medical records that are the subject of this motion date from Petitioner's arrival at Guantanamo in 2006 through the present.

Respondent has produced the medical records to Petitioner's counsel as unclassified and releasable to Petitioner. *Id.* at 5. Therefore, before producing the medical records, Respondent redacts from the documents: (1) classified information; and (2) unclassified-but-sensitive information as permitted under the

governing Protective Order. *See id.* at 1 (citing Protective Order, ECF No. 77, as amended, Order, ECF No. 78).[3] Petitioner's cleared counsel can have access to the unredacted versions of the medical records on an as-requested basis. *Id.* at 7, 15.

**B. Respondent's Motion**

Respondent describes certain categories of classified information that he seeks Court approval to redact from the medical records, *see id.* at 15-29; and certain categories of unclassified-but-sensitive information that he seeks to redact because they are protected from disclosure under the governing Protective Order, *see id.* at 30-35. For each category, Respondent explains why the information may not be released to Petitioner or to the public. To identify the categories of information that need to be protected and to justify why they need protection, Respondent attached to his motion an affidavit from the DOD "official leading the team responsible for the redactions taken." *Id.* at 7-8.

To specify exactly what information was redacted, Respondent provides an "index that identifies the redactions by page and correlates each to a category needing protection." *Id.*

[3] Pursuant to prior orders of the Court, Respondent also redacts: (1) identifying information about medical treatment providers, *see* Order, ECF No. 113; and (2) information about prior sites at which Petitioner was detained, *see* Order, ECF No. 549. These redactions are not at issue in the pending motion.

at 8. Respondent notes that for some redactions, the original unredacted page has not been located and that these unknown redactions are identified in the index. *Id.* Because the medical records are voluminous, Respondent did not submit an entire set of the redacted pages with their corresponding unredacted pages to the Court. *Id.* Rather, Respondent submitted a sample set of each type of redaction together with the index. *Id.*

Petitioner does not challenge Respondent's categories of redactions for either the classified categories or the unclassified-but-sensitive categories, or the specific redactions that have been made in the medical records that have been produced. *See generally* Pet'r's Resp. to Resp'ts' Mot. to Redact Classified & Unclassified but Sensitive Information from Pet'r's Dep't of Defense Medical Records ("Resp. to Mot. to Redact DOD Records"), ECF No. 619. Instead, he claims that "Respondent does not present his motion as one seeking reconsideration of Judge Roberts's longstanding (fourteen years, and counting) order, but in effect, that is what his motion amounts to." *Id.* He argues that "the redactions proposed in Respondent's new Motion must not tread on the original order by Judge Roberts." *See id.* at 3.

The Court rejects Petitioner's claim. Petitioner has been on notice, and the Court has been well aware, that Respondent would seek approval for the redactions to the records after

producing them so as to not delay their production. *See* Minute Order (Jan. 5, 2021) (noting that "the Court anticipated that the [R]espondent would seek approval of redactions after documents had been produced in order to expedite production of the documents). In any event, Petitioner acknowledges that "[a]lmost always, the only redactions in [the medical] records have been to identifying information of treatment providers. Rarely, other rather modest redactions have been taken in the records. In these few cases, the parties swiftly have come to an agreement on an informal basis to allow such redactions." Resp. to Mot. to Redact DOD Records, ECF No. 619 at 3.

## II. Legal Standard

### A. Unclassified-But-Sensitive Information

When the government seeks to withhold from public access information that is unclassified but sensitive, it must "'give the court a basis for withholding . . . from public view' nonclassified information it seeks to protect." *Ameziane v. Obama*, 620 F.3d 1, 6 (D.C. Cir. 2010) (quoting *Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007)). The government may withhold the information by making a two-part showing: "the government first must demonstrate *what kind* of information requires protection and *why*, and then must show exactly *what* information in the case at hand it seeks to protect." *Id.* (emphases in original).

To satisfy the first step, the government must provide a "'specific,' 'tailored' rationale for protecting a general category of information." *Id.* (quoting *Parhat v. Gates,* 532 F.3d 834, 853 (D.C. Cir. 2008)). To satisfy the second step, the government must provide "a precise designation of each particular item of information that purportedly 'falls within the categor[y] . . . described.'" *Id.* (quoting *Parhat,* 532 F.3d at 853). Accordingly, the court "evaluate[s] whether the rationale for the category applies to the designated information." *In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d 5, 14 (D.D.C. 2011). The court must reject approaches that would "mak[e] review by the court impossible and acceptance of the government's unilateral determination the only ground upon which the material could be protected." *Parhat*, 532 F.3d at 852.

If the government satisfies this two-step process, the court is "required to defer to the government's assessment of the harm to foreign relations and national security that would result from officially disclosing" the information the government seeks to protect. *In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d. at 13.

**B. Classified Information**

There is no question that protection of information properly "classified" is required by law. *See* Exec. Order 13,562, 75 Fed. Reg. 707 (Dec. 29, 2009) at § 4.1; *Dhiab v.*

*Trump*, 852 F.3d 1087, 1096–98 (D.C. Cir. 2017). Respondent asks the Court to apply a similar framework to *Parhat* and *Ameziane* to review his proposed classified redactions, modified to account for the Court's deference to the government's assessment of risk if released such as to render information classified. Mot. to Redact DOD Records, ECF No. 673-1 at 11-12 (citing *Dhiab*, 852 F.3d at 1097–98) (proposing that to meet this standard, Respondent "would identify each classified redaction, relate each redaction to a category of classified material, and explain to the Court why each category—and so each redaction—is in fact classified, *i.e.*, why release of that material could be reasonably expected to harm national security. If a redaction logically connects with the potential harm from disclosing information in its assigned category, the Court should defer to the Executive's explanation of potential harm, that is, that the material is properly classified. And, if so, its redaction should be approved.").

## III. Analysis

### A. Respondent Has Satisfied the Applicable Framework

#### 1. The Categories of Classified and Unclassified-But-Sensitive Redactions Are Sufficiently Justified

To satisfy the first step, the government must provide a

"'specific,' 'tailored' rationale for protecting a general category of information. *Ameziane*, 620 F.3d at 6 (quoting *Parhat,* 532 F.3d at 853).

The Court concludes that Respondent satisfied this step. Respondent has set forth sufficient justifications for the categories of classified and unclassified-but-sensitive redactions for which it seeks approval from the Court. Petitioner does not contest any of these categories. *See generally* Resp. to Mot. to Redact DOD Records, ECF No. 619. But, contrary to Respondent's assertion, the Court does not view Petitioner's non-dispute of any of the redaction categories as a dispositive concession or waiver. *Contra* Reply to Mot. to Redact DOD Records, ECF No. 623 at 3. There is a long-recognized public interest in access to unclassified information in judicial records, including that the government seeks to designate as protected under a protective order. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Zemiri v. Obama*, 128 F. Supp. 3d 185, 187 (D.D.C. 2015) (reviewing the government's request to designate certain information as protected even though the habeas petitioner, another Guantanamo detainee, either consented or did not take a position on the redactions). Therefore, the Court has considered whether the categories of redactions are sufficiently justified, and it concludes that they are.

The Court does not discuss the details of Respondent's categories and explanations for redactions in this Memorandum Opinion because Respondent has designated this information as classified or unclassified-but-sensitive. The Court has reviewed Respondent's explanations carefully and determined that they meet the requirements set forth in *Bismullah*, *Parhat*, and *Ameziane*. Respondent has provided reasoned explanations for why each category of information is either classified or unclassified-but-sensitive so as to warrant protection from disclosure. *See* Mot. to Redact DOD Records, ECF No. 672-1 at 15–35 (redacted explanations for specific categories). It submitted a classified declaration to support each of these categories that justifies the assertions with specificity. *Id.* at 12–14. Respondent's explanations in its classified motion and declaration are far more robust than those that the D.C. Circuit rejected, *see Parhat*, 532 F.3d at 853; and are similar in level of detail and support to those that other judges on this Court have approved, *see In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d at 14-25. Therefore, the Court concludes that the categories are sufficiently justified.

**2. Redactions Within Each Category**

To satisfy the second step, the government must provide "a precise designation of each particular item of information that purportedly 'falls within the categor[y] . . . described.'" *Id.*

(quoting *Parhat,* 532 F.3d at 853). Accordingly, the Court "evaluate[s] whether the rationale for the category applies to the designated information." *In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d at 14. The Court must reject approaches that would "mak[e] review by the court impossible and acceptance of the government's unilateral determination the only ground upon which the material could be protected." *Parhat*, 532 F.3d at 852.

In addition to the samples provided and to specify exactly what information was redacted and satisfy this step, Respondent "created an index that correlates each redaction with at least one classified or sensitive information category and, by doing so, with the particular reason(s) that redaction is necessary." Mot. to Redact DOD Records, ECF No. 673-1 at 2. The index together with the samples enables the Court to "evaluate whether the rationale for the category applies to the designated information," *In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d. at 14; and to review "the precise designation of each particular item of information" so that the Court is not accepting Respondent's unilateral determination, *see Parhat*, 532 F.3d at 852. Petitioner does not object to the Court making its determination based on its review of the samples and the index. *See generally* Resp. to Mot. to Redact DOD Records, ECF No. 619.

The Court has closely reviewed the redactions for which Respondent seeks approval in the sample set of each category of redaction that has been made and concludes that they fit into the approved categories of redactions. The Court has also closely reviewed the index. For each redaction that was made to the medical records, the index describes the redacted information and correlates it to a classified or sensitive information category. The information provided has enabled the Court to review "the precise designation of each particular item of information" that was redacted, *see Parhat*, 532 F.3d at 852; and to conclude that each redaction fits within the category associated with it. Because of the information provided in the index, the Court is not making its determination based only on the sample sets. For all these reasons, the Court concludes that the redactions are sufficiently justified.

**3. The Court Defers to Respondent's Assessment of Harm From Public Disclosure**

Because Respondent has satisfied the two-step process, the Court "defer[s] to the government's assessment of the harm to foreign relations and national security that would result from officially disclosing" the information the government seeks to protect. *In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d. at 13.

## IV. Conclusion and Order

For the reasons set forth above, it is hereby

**ORDERED** that Respondent's motion to redact classified and unclassified-but-sensitive information from Petitioner's medical records, ECF No. 673-1 is **GRANTED**, and the Court approves the redactions of classified and unclassified-but-sensitive information in Respondent's prior and subsequent productions of Petitioner's DOD medical records.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**October 14, 2026**